MOEEL LAH FAKHOURY LLP
Shaffy Moeel (State Bar No. 238732)
2006 Kala Bagai Way, Suite 16
Berkeley, CA 94704
Telephone: (510) 500-9994
Email:  shaffy@mlf-llp.com

Attorneys for Asa Houston

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | Case No.: 2:24-CR-00621-MWF-5 |
|---|---|
| Plaintiff, | **DEFENDANT ASA HOUSTON'S MOTION TO DISMISS COUNT FOUR** |
| v. | |
| ASA HOUSTON, | **Court:** Courtroom 5A |
| Defendant. | **Hearing Date:** November 18, 2025 |
| | **Hearing Time:** 10:00 a.m. |

**TO: BILAL ESSAYLI, UNITED STATES ATTORNEY; DANIEL WEINER, ASSISTANT UNITED STATES ATTORNEY; GREGORY STAPLES, ASSISTANT UNITED STATES ATTORNEY; AND IAN YANNIELLO, ASSISTANT UNITED STATES ATTORNEY.**

PLEASE TAKE NOTICE that Defendant Asa Houston hereby moves this Court for an order dismissing Count Four of the Second Superseding Indictment. This motion is based upon this memorandum of points and authorities, accompanying exhibits, Federal Rule of Criminal Procedure 12 and all other applicable constitutional, statutory, and case authority, and all evidence and argument that may be presented at the hearing of this motion, to be heard on November 18, 2025, at 10:00 a.m. in Courtroom 5A of the Los Angeles Courthouse.

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ I

TABLE OF AUTHORITIES ....................................................................................... II

INTRODUCTION ........................................................................................................ 1

STATEMENT OF FACTS ........................................................................................... 1

ARGUMENT ................................................................................................................ 1

    A.    Travel and use of interstate commerce facilities with the intent to commit murder for pecuniary gain is not a "crime of violence" because it does not require the intentional use of violent, physical force. .................................... 3

        1.    Because "resulting in death" is not an element necessary for a § 1958(a) conviction, the Ninth Circuit's decision in *Linehan* controls. ........................................................................................... 5

        2.    Even if "death results" is an element necessary for conviction, § 1958(a) is not a "crime of violence" because it does not require the intentional use of physical, violent force. ........................ 6

    B.    Because the least violent form of stalking under § 2261A(2) requires only placing a victim in "substantial emotional distress" with the intent to "harass" or "intimidate," it does not require the intentional use of violent, physical force and is not a "crime of violence" even if "death results." .... 11

CONCLUSION ........................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*Apprendi v. New Jersey*, 530 U.S. 466 (2000).................................................................5

*Borden v. United States*, 593 U.S. 420, 429 (2021)........................................3, 9, 10, 14

*Davis v. United States*, 588 U.S. 445, 470 (2019) ...........................................................2

*Dean v. United States*, 556 U.S. 568, 575-76 (2009) ......................................................8

*Descamps v. United States*, 570 U.S. 254, 263–64 (2013)..............................................6

*Elonis v. United States*, 575 U.S. 723, 737 (2015) .........................................................8

*Fernandez v. United States*, 569 F. Supp. 3d 169, 178 (S.D.N.Y. 2021).........................7

*Gonzales v. Duenas-Alvarez*, 549 U.S. 183 (2007) ....................................................9, 10

*Johnson v. United States*, 559 U.S. 133, 136, 142 (2010) ...............................................2

*Mathis v. United States*, 579 U.S. 500, 518 (2016) ...........................................5, 6, 12, 13

*Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013).....................................................11

*Qadar v. United States*, 2020 WL 3451658, at *2 (E.D.N.Y. June 24, 2020) .................7

*United States v. Bacon*, 2021 WL 5051364, at *12-15 (D. Del. Nov. 1, 2021) ..............14

*United States v. Begay*, 33 F.4th 1081, 1090 (9th Cir. 2022) (en banc)...................2, 3, 4

*United States v. Bell*, 158 F. Supp. 3d 906, 909 (N.D. Cal. 2016) ..................................2

*United States v. Boman*, 873 F.3d 1035, 1042 (8th Cir. 2017)........................................4

*United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002) .............................................2

*United States v. Broadbent*, 2023 WL 6963438, at *1 (E.D. Cal. Oct. 20, 2023)............2

*United States v. Brown*, 2024 WL 266521, at *7 (S.D. Tex. Jan. 24, 2024)....................9

*United States v. Cordero*, 973 F.3d 603, 625 (6th Cir. 2020) ........................................4

*United States v. DeFrance*, 124 F.4th 814, 819, n. 7 (9th Cir. 2024)..............................10

*United States v. Eckford*, 77 F.4th 1228, 1232 (9th Cir. 2023) ..........................................3

*United States v. Fitzgerald*, 935 F.3d 814, 817-18 (9th Cir. 2019) (per curiam)..............2

*United States v. Griffin*, 2022 WL 2071054, at *3-6 (E.D. Mich. Jun. 8, 2022).............14

*United States v. Herr*, 2016 WL 6090714, at *4 (D. Mass. Oct. 18, 2016) ......................6

*United States v. Johnson*, 2025 WL 1520055, at *6-10 (S.D. Fla. May 7, 2025)...........14

*United States v. Keast*, ___ F.4th ___, 2025 WL 2609846, at *9 (9th Cir. Sept. 10, 2025) ....................................................................................................................................9

*United States v. McDuffy*, 890 F.3d 796, 801 (9th Cir. 2018).............................5, 7, 8, 14

*United States v. Mendoza*, 2017 WL 2200912, at *1 (D. Nev. May 19, 2017).................2

*United States v. Minners*, 2020 WL 4275040, at *5-7 (N.D. Okla. Jul. 24, 2020) .........14

*United States v. Runyon*, 994 F.3d 192, 204 (4th Cir. 2021).......................................9, 10

*United States v. Schulman*, 817 F.2d 1355, 1358 (9th Cir. 1987) .....................................1

*United States v. Taylor*, 596 U.S. 845 (2022)...................................................................9

*United States v. Vera*, 770 F.3d 1232, 1249 (9th Cir. 2014) .............................................5

*United States v. Watson*, 881 F.3d 782, 784 (9th Cir. 2018) (per curiam).......................11

*Villagomez v. McHenry*, 127 F.4th 113, 118 (9th Cir. 2025) ................................2, 9, 14

**Statutes**

18 U.S.C. § 373.....................................................................................................................4

18 U.S.C. § 924............................................................................................................*passim*

18 U.S.C. § 1958..........................................................................................................*passim*

18 U.S.C. § 2113.............................................................................................................7, 12

18 U.S.C. § 2261..........................................................................................................10, 12

18 U.S.C. § 2261A ................................................................................................. *passim*

18 U.S.C. § 2266 ............................................................................................................. 10

**Other Authorities**

Federal Rule of Criminal Procedure 12 ............................................................................ 1

Fifth Circuit Pattern Jury Instructions (Criminal Cases) 2.86B, Stalking, 18 U.S.C. §§ 2261A(2), 2261(b), 2261B, https://www.lb5.uscourts.gov/viewer/?/juryinstructions/Fifth/PJI-CRIMINAL_2024_EDITION_FINAL.pdf ............................................................. 11

Ninth Circuit Model Criminal Jury Instruction 16.7, Murder for Hire, https://www.ce9.uscourts.gov/jury-instructions/node/1067 ................................... 5

## INTRODUCTION

Defendant Asa Houston moves this Court to dismiss Count Four of the Second Superseding Indictment, charging him with use, carry and discharge of a firearm and machinegun, in furtherance of a crime of violence, resulting in death, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and (j)(2). But neither of the predicate crimes alleged by the government to be "crimes of violence"—18 U.S.C. §§ 1958(a) and 2261A(2)—require the intentional use of violent, physical force. Without a requisite "crime of violence," Count Four must be dismissed.

## STATEMENT OF FACTS

On May 1, 2025, the government obtained a second superseding indictment charging Mr. Houston with (1) conspiracy to use interstate commerce facilities to commit murder for hire resulting in death (18 U.S.C. § 1958(a)); (2) use of interstate commerce facilities to commit murder for hire resulting in death (18 U.S.C. § 1958(a)); (3) stalking resulting in death (18 U.S.C. § 2261A(2)(a)); and (4) use, carry and discharge of a firearm and machinegun, in furtherance of a crime of violence, resulting in death (18 U.S.C. §§ 924(c)(1)(A)(iii) and (j)(2)). Dkt. 147.

As to Count Four, charging a violation of 18 U.S.C. § 924(c), the second superseding indictment alleged two "crimes of violence," specifically "(i) Use of Interstate Facilities to Commit Murder-For-Hire Resulting in Death, in violation of Title 18, United States Code, Section 1958(a), as charged in Count Two of this Second Superseding Indictment; and (ii) Stalking Resulting in Death, in violation of Title 18, United States Code, Sections 2261A(2)(A), (B), 2261(b)(1), as charged in Count Three of this Second Superseding Indictment." Dkt. 147 at 15.

## ARGUMENT

Federal Rule of Criminal Procedure 12(b)(1) allows a defendant to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Such motions are "based on questions of law rather than fact." *United States v. Schulman*, 817 F.2d 1355, 1358 (9th Cir. 1987). Under Rule

12(b)(3)(B)(v), a district court may dismiss an indictment in its entirety, or a specific count of an indictment, for "failure to state an offense." Defendants have used Rule 12(b)(3)(B)(v) to raise pre-trial challenges to whether a predicate offense is a "crime of violence" to support a § 924(c) charge. *See, e.g., United States v. Bell*, 158 F. Supp. 3d 906, 909 (N.D. Cal. 2016); *United States v. Broadbent*, 2023 WL 6963438, at *1 (E.D. Cal. Oct. 20, 2023); *United States v. Mendoza*, 2017 WL 2200912, at *1 (D. Nev. May 19, 2017). When ruling on a motion to dismiss, "the district court is bound by the four corners of the indictment" because "the indictment either states an offense or it doesn't." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002).

Under 18 U.S.C. § 924(c), anyone "who, during and in relation to any crime of violence…uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm" is subject to an additional mandatory minimum consecutive prison sentence. 18 U.S.C. § 924(c)(1)(A). The term "crime of violence" means a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). This definition is known as the "elements clause." *United States v. Begay*, 33 F.4th 1081, 1090 (9th Cir. 2022) (en banc).[1]

"Physical force" means "*violent* force—that is, force capable of causing physical pain or injury to another person," which must be "more than 'a mere unwanted touching.'" *United States v. Fitzgerald*, 935 F.3d 814, 817-18 (9th Cir. 2019) (per curiam) (quoting *Johnson v. United States*, 559 U.S. 133, 136, 142 (2010)) (emphasis in original). The use of physical force must be "intentional," not merely reckless or accidental. *Villagomez v. McHenry*, 127 F.4th 113, 118 (9th Cir. 2025) ("crimes of violence must include (1) the intentional deployment of (2) *Johnson*-level force."). The

---

[1] There is a second statutory definition of a "crime of violence," specifically a crime "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). But the Supreme Court has found that subsection of § 924(c), known as the "residual clause," unconstitutionally vague. *Davis v. United States*, 588 U.S. 445, 470 (2019).

DEFENDANT ASA HOUSTON'S MOTION TO DISMISS COUNT FOUR
*United States v. Houston*, 2:24-CR-00621-MWF-5

2

elements clause excludes "offenses criminalizing reckless conduct" and "demands that the perpetrator direct his action at, or target, another individual." *Borden v. United States*, 593 U.S. 420, 429 (2021).

To determine whether a predicate meets the definition of a "crime of violence" to support a § 924(c) charge, courts employ the "categorical approach." *Begay*, 33 F.4th at 1090. Under this analysis, "the facts of a given case are irrelevant" and the "focus is whether the elements of the statute of conviction meet the federal standard." *Id.* (quotations omitted). The "only relevant question is whether the federal felony at issue *always* requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." *United States v. Eckford*, 77 F.4th 1228, 1232 (9th Cir. 2023) (emphasis in original) (quotations omitted). "Unless the least culpable act criminalized in the…statute entails that force, the statute is not a categorical match with the elements clause, and it does not qualify as a crime of violence." *Begay*, 33 F.4th at 1091.

The government relies on two predicates it claims are "crimes of violence" to support the § 924(c) charged in Count Four of the Second Superseding Indictment: (1) travel and use of interstate commerce facilities with the intent to commit murder for hire under 18 U.S.C. § 1958(a) and (2) stalking under 18 U.S.C. § 2261A(2). Because neither is a "crime of violence," Count Four of the Second Superseding Indictment must be dismissed.

A. **Travel and use of interstate commerce facilities with the intent to commit murder for pecuniary gain is not a "crime of violence" because it does not require the intentional use of violent, physical force.**

Title 18 U.S.C. § 1958(a) criminalizes "Whoever travels in or causes another (including the intended victim) to travel in interstate or foreign commerce, or uses or causes another (including the intended victim) to use the mail or any facility of interstate or foreign commerce, with intent that a murder be committed in violation of the laws of any State or the United States as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value, or who

conspires to do so." 18 U.S.C. § 1958(a). The maximum punishment for this crime is ten years in prison, but if "personal injury results," the maximum is increased to twenty years imprisonment. *Id.* If "death results," the punishment "shall" be "death or life imprisonment," meaning that crime has a mandatory minimum sentence of life imprisonment, and the possibility of the death penalty. *Id.*

The Ninth Circuit has explained the elements of the basic § 1958(a) crime are that a defendant "must (1) have traveled or caused another to travel in interstate commerce, or used or caused another to use an instrumentality of interstate or foreign commerce, or conspired to do the same; (2) have done so with the intent that a murder be committed; and (3) have intended that the murder be committed in exchange for something of pecuniary value." *United States v. Linehan*, 56 F.4th 693, 707 (9th Cir. 2022). Because § 1958(a) only requires "a defendant travel in, or use a facility of, interstate commerce with the requisite criminal intent," and "does not require that a defendant actually enter into a murder-for-hire agreement, that he carry out or otherwise attempt to accomplish his criminal intent, or that the contemplated murder be attempted or accomplished by another person," it does not meet the definition of a "crime of violence." 56 F.4th at 707.[2] Other Circuits have reached the same result. *See, e.g., United States v. Boman*, 873 F.3d 1035, 1042 (8th Cir. 2017) (§ 1958(a) not a "crime of violence" under § 924(c) elements clause); *United States v. Cordero*, 973 F.3d 603, 625 (6th Cir. 2020) (§ 1958(a) not a "crime of violence" under U.S. Sentencing Guidelines as "government acknowledges").

The Ninth Circuit expressly declined to consider, however, "whether the

---

[2] *Linehan* was interpreting the term "crime of violence" under 18 U.S.C. § 373(a), which criminalizes "solicitation to commit a crime of violence." *Linehan*, 56 F.4th at 698. The Ninth Circuit noted that the definition of "crime of violence" in § 373 is "substantially similar to other 'crime of violence'…provisions found elsewhere in the federal criminal code," specifically citing § 924(c)(3)(A). *Id.* at 699. The Ninth Circuit and the parties—including the federal government—agreed "the same basic framework used for other elements clauses applies to the elements clauses in § 373(a)," and the Ninth Circuit relied on cases interpreting the term "crime of violence" for § 924(c) in its analysis of that term in § 373(a). *Id.* at 699 (citing *Begay*, 33 F.4th at 1093-94). Thus, this Court can consider *Linehan* in assessing whether § 1958(a) is a "crime of violence" notwithstanding the fact it was interpreting a different statute than the one at issue here.

aggravated offenses of § 1958(a)…should be treated differently." *Linehan*, 56 F.4th at 707, n. 4. As set forth below, this Court should find the charged offense here does not change the Ninth Circuit's analysis in *Linehan*.

        **1.    Because "resulting in death" is not an element necessary for a § 1958(a) conviction, the Ninth Circuit's decision in *Linehan* controls.**

Because the maximum punishment for violating § 1958(a) increases if "personal injury" or "death results," these facts must be submitted to the jury to satisfy the Sixth Amendment under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See Mathis v. United States*, 579 U.S. 500, 518 (2016) ("If statutory alternatives carry different punishments, then under *Apprendi* they must be elements."). But such facts "are not elements nor do they criminalize otherwise innocent conduct." *United States v. McDuffy*, 890 F.3d 796, 801 (9th Cir. 2018). Rather than serve as "an element of the 'generic crime,'" such facts are "'the functional equivalent of an element that [needs] to submitted to a jury and proved beyond a reasonable doubt for the purposes of sentencing alone.'" *Id.* (quoting *United States v. Vera*, 770 F.3d 1232, 1249 (9th Cir. 2014)). Since these "predicate facts do not criminalize otherwise innocent conduct…the underlying conviction does not depend on the presence or absence of the predicate fact." *McDuffy*, 890 F.3d at 801. Categorical analysis is concerned with "whether the elements of the crime of *conviction* sufficiently match the elements" of the generic crime "while ignoring the particular facts of the case." *Mathis*, 579 U.S. at 504 (emphasis added). Thus, a fact that might increase punishment but is not required for "conviction" is irrelevant for purposes of categorical analysis.

That is precisely what the "death results" language is in § 1958(a): a fact that must be proven to the jury beyond a reasonable doubt to increase the minimum and maximum punishments, but a fact that is nonetheless not required for conviction. That conclusion is supported by the Ninth Circuit's model jury instruction for § 1958, which completely omits the "death results" language altogether. *See* Ninth Circuit Model

Criminal Jury Instruction 16.7, Murder for Hire;[3] *see also Linehan*, 56 F.4th at 707.

Thus, the Ninth Circuit's conclusion in *Linehan* squarely applies here and § 1958(a)—even when the government alleges "death results"—is not a "crime of violence."

### 2. Even if "death results" is an element necessary for conviction, § 1958(a) is not a "crime of violence" because it does not require the intentional use of physical, violent force.

Even if this Court construes the "death results" language in § 1958(a) as an element for purposes of categorical analysis, that alone would not change the conclusion that the statute does not meet the definition of a "crime of violence."

A statute that "list[s] elements in the alternative, and thereby define[s] multiple crimes," is a divisible statute that requires this Court to apply the "modified categorical approach." *Mathis*, 579 U.S. at 505.[4] Under that approach, the Court must look "to a limited class of documents," including "the indictment" to "determine what crime, with what elements, a defendant" was charged with. *Id.* The "modified approach merely helps implement the categorical approach" to assist a court "to identify, from among several alternatives, the crime of conviction so that the court can compare it to the generic offense." *Descamps v. United States*, 570 U.S. 254, 263–64 (2013).

Here, Count Two of the indictment alleges Mr. Houston and his co-defendants "knowingly used facilities of interstate and foreign commerce, namely, airplanes, cars, cell phones, and the internet, with intent that the murder of T.B. be committed in violation of the laws of any State, namely, the State of California, as consideration for the receipt of, and consideration for a promise and agreement to pay, anything of pecuniary value, namely, money and lucrative music opportunities with OTF, resulting in the death of S.R." Dkt. 147 at 13. So it is the substantive crime of travelling in, and using facilities of interstate commerce with the intent that a murder be committed for

---

[3] *Available at* https://www.ce9.uscourts.gov/jury-instructions/node/1067.

[4] At least one district court has concluded, albeit with limited analysis, that § 1958(a) is not a divisible statute. *United States v. Herr*, 2016 WL 6090714, at *4 (D. Mass. Oct. 18, 2016).

pecuniary gain where death results that must be analyzed under the categorial approach.

Adding the requirement that "death results" does not transform § 1958(a) into a "crime of violence" because that crime does not require the intentional use of physical, violent force. As one district court has explained, "§ 1958 does not apply to the act of murder itself, but rather to one of four actions, undertaken with the intent that a murder be committed. The four actions, all of which are plainly nonviolent and do not involve the use of force, are: (1) traveling in interstate or foreign commerce: (2) causing another to travel in interstate or foreign commerce; (3) using the mail or any facility of interstate or foreign commerce; and (4) causing another to use the mail or any facility of foreign commerce." *Qadar v. United States*, 2020 WL 3451658, at *2 (E.D.N.Y. June 24, 2020); *see also Fernandez v. United States*, 569 F. Supp. 3d 169, 178 (S.D.N.Y. 2021) (§ 1958(a) involves "five forms of conduct: (i) traveling in interstate or foreign commerce; (ii) causing another to travel in interstate or foreign commerce; (iii) using the mail or any facility of interstate or foreign commerce; (iv) causing another to use the mail or any facility of foreign commerce; or (v) conspiring to do any of the foregoing (plus the requisite intent)."). Adding the requirement that "'death results' does not change the act of travelling or using the mail into an act involving physical force" because the "criminalized conduct itself is not violent, and its connection to a person's death may be attenuated." *Qadar*, 2020 WL 3451658, at *2; *see also Fernandez*, 569 F. Supp. 3d at 178-79 (finding conspiracy to commit murder for hire resulting in death under § 1958(a) not a § 924(c) crime of violence)).

Moreover, the Ninth Circuit has noted with respect to a similarly worded statute that the phrase "death results" does not trigger a "separate mens rea," let alone the requisite intentional mens rea required to satisfy the elements clause of § 924(c). In *McDuffy*, the defendant entered a bank, brandished a handgun, and demanded money. 890 F.3d at 798. A customer tried to grab the gun and was shot by the defendant and eventually died. *Id.* The defendant was charged with bank robbery, in violation of 18

U.S.C. § 2113. *Id.* Under § 2113(e), a defendant must receive a life sentence or the death penalty "if death results." The district court rejected the defendant's argument "that the enhancement in § 2113(e) should apply only when a bank robber 'knowingly' kills a person in the course of a bank robbery" and the Ninth Circuit affirmed. *McDuffy*, 890 F.3d at 798.

The appellate court found that "§ 2113(e) does not contain a separate requirement that the defendant intend the killing which results from his bank robbery," and that "the enhancement applies even if a bank robber accidentally kills someone in the course of a bank robbery." *McDuffy*, 890 F.3d at 798. It found the statute "makes no mention of a mens rea and even describes the killing in the passive voice," which suggests a Congressional intention to omit a mens rea. *Id.* at 801.

The Ninth Circuit also reasoned that the Supreme Court has held "it was unnecessary to read a separate mens rea requirement into [a] sentencing enhancement" when the "defendant [was] already guilty of unlawful conduct' by committing the underlying 'basic crime.'" *Id.* at 800 (quoting *Dean v. United States*, 556 U.S. 568, 575-76 (2009)). Other Supreme Court cases have explained "'the presumption in favor of a scienter requirement should apply to *each of the statutory elements that criminalize otherwise innocent conduct*.'" *McDuffy*, 890 F.3d at 801 (quoting *Elonis v. United States*, 575 U.S. 723, 737 (2015)) (emphasis in original). Noting that "the basic crime of bank robbery is already wrongful conduct," there was "no need to add an additional mens rea requirement," concluding that § 2113(e) "is the functional equivalent of the felony-murder rule but in the form of a sentencing enhancement" that "does not require a mens rea beyond the mens rea necessary to commit the underlying felony." *McDuffy*, 890 F.3d at 802.

The analysis in *McDuffy* applies equally here to § 1958(a) and thus conclusively demonstrates that § 1958(a) does not require the *intentional* use of violent, physical force as required for § 924(c). Like § 2113(e), § 1958(a) is a sentencing enhancement added onto a "basic crime" that is already wrongful. Like § 2113(e), the § 1958(a)

sentencing enhancement does not have a separate mens rea and uses the passive voice. And so, like § 2113(e), § 1958(a) includes killings that occur accidentally. *See McDuffy*, 890 F.3d at 798. Because a "crime of violence" requires the intentional—not accidental or reckless—use of force, § 1958(a) cannot be a "crime of violence" even if "death results." *See Borden*, 593 U.S. at 429; *Villagomez*, 127 F.4th at 118.

The Fourth Circuit—the only Circuit court to weigh in on this specific issue—has reached a different result. *See United States v. Runyon*, 994 F.3d 192, 204 (4th Cir. 2021); *see also United States v. Brown*, 2024 WL 266521, at *7 (S.D. Tex. Jan. 24, 2024). *Runyon* reasoned that "an act that results in death obviously requires 'physical force.'" *Runyon*, 994 F.3d at 203. And because § 1958(a) requires the "specific intent that a murder be committed for hire…there is no 'realistic probability' of the government prosecuting a defendant for entering into a conspiracy with the specific intent that a murder be committed for hire and for a death resulting from that conspiracy while that death was somehow only accidentally or negligently caused." *Id.* But this analysis is flawed.

First, the Ninth Circuit recently explained the "reasonable probability" standard does not apply when "the *elements* of the underlying crime do not require the government to prove any of the elements of the 'crime of violence' definition." *United States v. Keast*, ___ F.4th ___, 2025 WL 2609846, at *9 (9th Cir. Sept. 10, 2025) (emphasis in original). The "realistic probability" standard comes from the Supreme Court's decision in *Gonzales v. Duenas-Alvarez*, 549 U.S. 183 (2007) which held that to find a state statute creates a crime that is broader than the generic federal definition of a crime, there must be "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." 549 U.S. at 193. But the Ninth Circuit has noted the Supreme Court's later decision in *United States v. Taylor*, 596 U.S. 845 (2022)—a case decided after *Runyon*— "suggested that the realistic probability standard may have no application in a case…in which the inquiry posed by federal law is whether a state law has the use of

force as an element." *United States v. DeFrance*, 124 F.4th 814, 819, n. 7 (9th Cir. 2024) (citing *Taylor*, 596 U.S. at 857-58)); *see also Keast*, 2025 WL 2609846, at *8-9. And that is precisely the inquiry here: whether § 1958(a) requires the use of force as an element. As set forth above, and as explained by the Ninth Circuit in *Linehan*, the answer to that question is "no" and so the "realistic probability" test has no application here.

But even if the "realistic probability" standard does apply here, a defendant can "point to his own case" where the statute applied "in the special (nongeneric) manner for which he argues." *Duenas-Alvarez*, 549 U.S. at 193. Here, there is a "realistic probability" that the government would pursue the case that *Runyon* felt was unrealistic—a crime with the "specific intent that a murder be committed for hire and for a death resulting from that conspiracy while that death was somehow only accidentally or negligently caused"—because that is the case pursued by the government here. *Runyon*, 994 F.3d at 203.

As stated in the indictment, the defendants are alleged to have acted "with intent that the murder of *T.B.* be committed" for something of pecuniary value, but that the acts "result[ed] in the death of *S.R.*" Dkt. 147 at 13 (emphasis added). In other words, the government is not alleging there was any intent to murder S.R. and it is entirely possible his death was "accidentally or negligently caused." *Runyon*, 994 F.3d at 203. Even if the government alleges S.R.'s death was recklessly caused—and to be clear, the indictment says nothing about the mens rea tied to S.R.'s death—that would still not be enough to satisfy the elements clause because as made clear in *Borden*, the elements clause excludes "offenses criminalizing reckless conduct" and "demands that the perpetrator direct his action at, or target, another individual." *Borden*, 593 U.S. at 429.

*Runyon* is not binding on this Court and its "realistic probability" analysis is flawed under intervening Supreme Court and Ninth Circuit precedent. As charged in the second superseding indictment, Count Two charging a violation of § 1958(a) is not

a "crime of violence" under § 924(c).

**B.      Because the least violent form of stalking under § 2261A(2) requires only placing a victim in "substantial emotional distress" with the intent to "harass" or "intimidate," it does not require the intentional use of violent, physical force and is not a "crime of violence" even if "death results."**

The second predicate alleged by the government to qualify as a § 924(c) "crime of violence" is Count Three, which alleges the crime of stalking resulting in death under 18 U.S.C. § 2261A(2). Dkt. 147 at 15. That statute criminalizes anyone who "with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person, uses the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct" that "(A) places that person in reasonable fear of the death of or serious bodily injury to a person, a pet, a service animal, an emotional support animal, or a horse…or (B) "causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to a person." 18 U.S.C. § 2261A(2)(A). The term "course of conduct" means "a pattern of conduct composed of 2 or more acts, evidencing a continuity of purpose." 18 U.S.C. § 2266(2).

The maximum punishment for this crime is generally five years imprisonment. 18 U.S.C. § 2261(b)(5). But like § 1958(a), the maximum punishment can increase depending on the extent of a victim's injury. If "serious bodily injury results," the maximum becomes 10 years; if "permanent disfigurement or life threatening bodily injury to the victim results," the maximum is increased to 20 years; and "if death of the victim results," the maximum is up to life imprisonment. 18 U.S.C. §§ 2261(b)(1)-(3).

"An offense is categorically a crime of violence only if the least violent form of the offense qualifies as a crime of violence." *United States v. Watson*, 881 F.3d 782, 784 (9th Cir. 2018) (per curiam) (citing *Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013)). On its face, § 2261A(2) is overbroad because its least violent form criminalizes conduct done with the intent to "harass, or intimidate" that would merely

"be reasonably expected to cause substantial emotional distress to a person." 18 U.S.C. §§ 2261A(2), (B). This language certainly falls short of requiring "the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). A defendant could "harass" a victim and place them in "substantial emotional distress" through all sorts of means that would fall short of using, attempting, or threatening physical, violent force.

Nor is § 2261A(2) divisible as to the elements necessary for conviction. A court undertaking categorical analysis "faced with an alternatively phrased statute" must "determine whether its listed items are elements or means." *Mathis*, 579 U.S. at 517. Only the elements matter for "crime of violence" analysis because categorical analysis is "indifferen[t] to how a defendant actually committed a prior offense" and a "court may ask only whether the elements" are a categorical match. *Id.* Here, § 2261A(2) lists several different means of satisfying the mens rea for conviction: "intent to kill, injure, harass, intimidate." Similarly, the statute contains several different ways for the government to prove the impact of the defendant's conduct caused the victim to be placed "in reasonable fear of the death of or serious bodily injury to a person" or suffer "substantial emotional distress." 18 U.S.C. §§ 2261A(2)(A), (B). Critically, the maximum penalty for § 2261A does not change based on the defendant's intent or the impact on the victim, further reinforcing the fact these are alternative means, not elements, of the crime. *See Mathis*, 579 U.S. at 518 ("If statutory alternatives carry different punishments, then…they must be elements.").

While the Ninth Circuit does not have a model jury instruction for § 2261A, the model jury instruction from the Fifth Circuit supports this reading of the statute. The instruction reads, in part:

> Title 18, United States Code, Section 2261A(2) makes it a crime to use the mail or any facility in interstate commerce, including interactive computer services or electronic communication services or systems, with the intent to stalk another person.
>
> For you to find the defendant guilty, the government must prove each of the following beyond a reasonable doubt:

>      First: That the defendant used the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce;
>
>      Second: That the defendant did so with the intent to kill [injure] [harass] [intimidate] [place under surveillance with intent to kill, injure, harass, or intimidate] another person; and
>
>      Third: That through the use of the mail, computer interactive service, electronic communication service or system or other facility of interstate or foreign commerce, the defendant engaged in a course of conduct that.
>
>           (1) placed that other person in reasonable fear of the death [serious bodily injury] to that person [a member of that person's immediate family] [a spouse or intimate partner of that person] [the pet, service animal, emotional support animal, or horse of that person]; or
>
>           (2) caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to that person [a member of that person's immediate family] [a spouse or intimate partner of that person]; and

Fifth Circuit Pattern Jury Instructions (Criminal Cases) 2.86B, Stalking, 18 U.S.C. §§ 2261A(2), 2261(b), 2261B, p. 429.[5] The instruction lists multiple means of satisfying the second element of intent—including the overbroad intent to "harass or intimidate"—and multiple means of satisfying the third element, including the overbroad effect of causing a victim to feel "substantial emotional distress." Nor does the jury instruction require jury unanimity as to which of these means satisfy the corresponding element.

Tellingly, Count Three of the Second Superseding Indictment here lists all means of intent and all means of the requisite course of conduct. It states the defendants "with the intent to kill, injure, harass, intimidate, and placed under surveillance with intent to kill, injure, harass, and intimidate" engaged in "a course of conduct that placed the Victims in reasonable fear of death or serious bodily injury, and caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to the Victims." Dkt. 147 at 14. As the Supreme Court explained in *Mathis*, "an indictment"

---

[5] *Available at* https://www.lb5.uscourts.gov/viewer/?/juryinstructions/Fifth/PJI-CRIMINAL_2024_EDITION_FINAL.pdf.

DEFENDANT ASA HOUSTON'S MOTION TO DISMISS COUNT FOUR
*United States v. Houston*, 2:24-CR-00621-MWF-5

13

that "reiterat[es] all the terms of" a particular law "is as clear an indication as any that each alternative is only a possible means of commission, not an element that the prosecutor must prove to a jury beyond a reasonable doubt." 579 U.S. at 519.

Moreover, as explained earlier, the fact that a § 2261A violation receives a heightened maximum punishment if "death results" does not transform that element into one necessary for conviction, at least for purposes of categorical analysis. *See* 18 U.S.C. § 2261(b)(1). Like § 1958(a), as well as § 2113(e), the "death results" language in § 2261(b)(1) is a sentencing enhancement added onto a "basic crime" that is already wrongful, does not have a separate mens rea, uses passive voice and so can include killings that occur accidentally. *See McDuffy*, 890 F.3d at 798. So § 2261A does not requires the intentional use of violent, physical force and cannot be a "crime of violence" even if "death results." *See Borden*, 593 U.S. at 429; *Villagomez*, 127 F.4th at 118. Thus, the statute is indivisible.[6]

Because § 2261A(2) is overbroad and indivisible, it is not a "crime of violence" that can support Count Four of the Second Superseding Indictment.

## CONCLUSION

Because neither § 1958(a) nor § 2261A(2) are "crimes of violence," there is no predicate to support the § 924(c) charge in Count Four of the Second Superseding Indictment. Mr. Houston respectfully requests this Court dismiss Count Four of the Second Superseding Indictment.

---

[6] One district court has found a prior version of § 2261A was not a "crime of violence" under § 924(c). *United States v. Minners*, 2020 WL 4275040, at *5-7 (N.D. Okla. Jul. 24, 2020). Other district courts reviewing the current version of § 2261A have found it is a "crime of violence." *See United States v. Johnson*, 2025 WL 1520055, at *6-10 (S.D. Fla. May 7, 2025); *United States v. Griffin*, 2022 WL 2071054, at *3-6 (E.D. Mich. Jun. 8, 2022); *United States v. Bacon*, 2021 WL 5051364, at *12-15 (D. Del. Nov. 1, 2021). Those courts found that § 2261A(2) was divisible and believed that § 2261A(2)(A)—which requires a course of conduct that places a victim "in reasonable fear of the death of or serious bodily injury to a person"—required at least the threatened use of physical force, and so qualified as a "crime of violence." As explained above, Mr. Houston maintains that § 2261A is not divisible and so these cases are not persuasive. Additionally, *Griffin* found the "death results" language meant there was no "realistic possibility" that the statute could be violated without the use of physical, violent force. *Griffin*, 2022 WL 2071054, at *6. Again, as explained earlier, the Ninth Circuit does not follow the "realistic probability" test when assessing whether a statute meets the elements clause, and so again that court's analysis should be rejected.

...

| | | |
|---|---|---|
| Dated | October 6, 2025 | Respectfully submitted, |
| | | MOEEL LAH FAKHOURY LLP |
| | | *s/ Shaffy Moeel* |
| | | Shaffy Moeel |
| | | Attorneys for Asa Houston |