BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorneys
Acting Chief, Criminal Division
IAN V. YANNIELLO (Cal. Bar No. 265481)
GREGORY W. STAPLES (Cal. Bar No. 155505)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
     1400/1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3667/3535/0813
     Facsimile: (213) 894-0142
     E-mail:    ian.yanniello@usdoj.gov
                greg.staples@usdoj.gov
                daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 24-621(B)-MWF |
|---|---|
| Plaintiff, | GOVERNMENT'S INITIAL RESPONSE TO DEFENDANTS' MOTION TO DISQUALIFY ALL PROSECUTORS AND JUDGES IN THE CENTRAL DISTRICT OF CALIFORNIA |
| v. | |
| DURK BANKS, et al. | |
| Defendants. | |

Plaintiff United States of America hereby files its Initial Response to Defendants' Motion to Disqualify All Prosectors and Judges in the Central District of California to correct factual errors in defendants' motion.

//

//

This filing is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: November 14, 2025    Respectfully submitted,

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

　　　　　*/s/*　　　　　　　　　　　
IAN V. YANNIELLO
GREGORY W. STAPLES
DANIEL H. WEINER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

The government files this initial response to defendants' motion to immediately correct factual misrepresentations in their filing.

Based on four voice messages and a threatening phone call made by apparent supporters of defendant Banks and Wilson (none of which were made to this Court), the defendants seek the extraordinary remedy of dismissal of this murder case and disqualification of every prosecutor and every judge in the district. The motion lacks merit and should be denied, which the government will address in an opposition that will be filed on December 1, 2025. Defendants also seek an extraordinary procedural mechanism to address the motion, i.e., that **none** of the over 35 district court judges in the Central District can hear this matter, and that it should be referred to an out-of-district judge. As discussed below, the Court should reject that request and, as is well-established for § 455 motions, rule on the motion.

As discussed further below, the government respectfully requests the following: *First*, the Court should rule on defendants' motion and deny it on the merits after the parties have fully briefed the matter. *Second*, the Court should not vacate any dates in this case, including the trial date. Defendants have not asserted that they need additional time to prepare for trial, nor have they otherwise requested a continuance. The government and the murder victim's family object to any continuance or vacatur of the trial date based on this motion.[1]

---

[1] To the extent defendants need additional time to prepare for trial, the parties can meet and confer about such request.

1

I. **ON ITS FACE, THE MOTION FAILS TO STATE A BASIS FOR THIS COURT TO RECUSE**

As a threshold matter, the Motion incorrectly represents "[t]he parties request that the Court refer this matter to an out-of-district judge for hearing as soon as is practicable." (Mot. at ECF 3.).[2] Black-letter law establishes that district judges routinely evaluate recusal motions under 28 U.S.C. § 455, including those involving far more serious threats and threats specifically directed at the presiding judge. See In re Bernard, 31 F.3d 842, 843 (9th Cir. 1994) ("[T]he somewhat surprising (and not entirely comfortable) reality is that the [§ 455] motion is addressed to, and must be decided by, the very judge whose impartiality is being questioned."); United States v. Sibla, 624 F.2d 864, 868 (9th Cir. 1980) ("[S]ection 455 includes no provision for referral of the question of recusal to another judge; if the judge sitting on a case is aware of grounds for recusal under section 455, that judge has a duty to recuse himself or herself."); United States v. Holland, 519 F.3d 909, 914 n.5 (9th Cir. 2008) ("We, along with our sister circuits, have identified various matters which will not ordinarily require recusal under § 455" including "threats or other attempts to intimidate the judge." (cleaned up)); In re Basciano, 542 F.3d 950, 953, 956 (2d Cir. 2008) (affirming district court's decision not to recuse based on defendant plotting to kill judge, a prosecutor, and cooperating witnesses).[3]

---

[2] Counsel for defendant Banks has acknowledged the reference to "parties" was an "inadvertent drafting error."

[3] See also United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986) ("We have held repeatedly that the challenged judge himself
*(footnote cont'd on next page)*

2

At bottom, defendants' Motion fails to state any basis or supporting citation for this Court to refer the motion to another judge, much less a judicial officer outside the Central District.[4] The threats by defendants' supporters were not directed at this Court --- and even if they were --- the Court would still appropriately evaluate the merits of the request for recusal. See, e.g., Holland, 519 F.3d at 914.

**II. DEFENDANTS' MOTION RESTS ON FACTUALLY INACCURATE CLAIMS ABOUT PURPORTED "EX PARTE" COMMUNICATIONS BETWEEN THE USAO AND THE COURT**

The Court should also reject defendants' request to refer the matter to an out-of-district judge because this Court is best positioned to address defendants' factually inaccurate claim about purported "ex parte" communications. Defendants' request is based on the untrue assertion that "[t]he United States Attorney's Office, in

---

should rule on the legal sufficiency of a recusal motion in the first instance."); United States v. Yousef, 327 F.3d 56, 169-170 (2d Cir. 2003) (concluding that a judge who did not recuse after learning of a defendant's threat to kidnap and harm an unnamed federal judge to obtain a mistrial did not abuse his discretion); United States v. Yu-Leung, 51 F.3d 1116, 1120-21 (2d Cir. 1995) (concluding that a judge did not abuse his discretion by failing to recuse after learning of defendant's death threat against him); United States v. Cooley, 1 F.3d 985, 993-94 (10th Cir. 1993) (listing among "matters ... which will not ordinarily satisfy the requirements for disqualification under 455(a)," "threats or other attempts to intimidate the judge").

[4] Defendants' sole citation to United States v. Steward, No. 2:06-cr-00864-MRH as a "similar motion" misses the mark. (Mot. at ECF 2.) The recusal motion in Steward is sealed (Dkt. 54), and neither Judge Real's nor Judge Stotler's referral order state the factual or legal basis for the motion, including whether it was brought under § 455. (Dkt. 47, 51.) Moreover, the facts of Steward are far from the circumstances here. In that case, the defendant was charged with threatening to kill two federal judges in the Central District. See United States v. Steward, 472 F. App'x 589, 590 (9th Cir. 2012) (affirming conviction). Here, as noted above, the messages left by defendants' apparent supporters were not directed at this Court, nor is the underlying subject matter of this case the threats.

3

carrying out a secret investigation, relayed the threats to all judges in the Central District of California, including this Court." (Mot. at 1.) Notably, defendants provide no citation to support this claim --- and they cannot, because it is a false, inflammatory statement that has no factual basis. As this Court is aware, the United States Attorney's Office did not inform this Court about the threats to the magistrate judge or AUSA or otherwise engage in substantive "ex parte discussions between the bench and prosecution about threats directly implicating defendants." (Mot. at ECF 7.) Indeed, the email correspondence attached to defendants' motion shows that the USMS informed Chambers about the threats to the magistrate judge. Moreover, undersigned counsel are also unaware of *any correspondence* from the United States Attorney's Office informing this Court --- much less "all judges" in this district --- about the threat to the AUSA.

For these reasons, the factual basis for defendants' claims that an out-of-district judge should hear this motion is unsupported, and this Court is best positioned to evaluate the merit of defendants' other contentions.

### III. CONCLUSION

As the Ninth Circuit has explained, "we regretfully [] live in a time when threats against federal judges are not uncommon" where "[m]any of these actions are made with the intent of altering the outcome of judicial proceedings." Clemens v. U.S. Dist. Ct. for Cent. Dist. of California, 428 F.3d 1175, 1180 (9th Cir. 2005) (denying writ to disqualify all judges in the Central District of California where defendant charged with threatening three district

judges in the district).  But the court emphasized that "we must be especially careful not to allow threats of violence to succeed in altering the normal course of litigation," as "[t]o do otherwise would be destructive of the independence of the judiciary."  Id.  The government respectfully requests this Court deny defendants' request to refer the motion to another court.  The government and the victim further oppose defendants' attempt to delay their trial based on this motion.