BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
IAN V. YANNIELLO (Cal. Bar No. 265481)
GREGORY W. STAPLES (Cal. Bar No. 155505)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
     1400/1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3667/3535/0813
     Facsimile: (213) 894-0142
     E-mail:   ian.yanniello@usdoj.gov
               greg.staples@usdoj.gov
               daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:24-621(B)-MWF |
|---|---|
| Plaintiff, | GOVERNMENT'S *EX PARTE* APPLICATION FOR ORDER SEALING DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DANIEL H. WEINER |
| v. | |
| DURK BANKS, et al., | |
| Defendants. | |

Plaintiff United States of America hereby applies <u>ex parte</u> for an order directing that the government's Exhibits 1-6 in Opposition to Defendant Banks' Motion to Dismiss for Vagueness or in the Alternative for a Bill of Particulars in the above-entitled case be kept under seal until further order of the Court.

This ex parte application is based upon the attached memorandum of points and authorities and Declaration of Daniel H. Weiner.

Dated: November 14, 2025         Respectfully submitted,

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

_/s/_
IAN V. YANNIELLO
GREGORY W. STAPLES
DANIEL H. WEINER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff United States of America requests that this Court seal the government's Exhibits 1-6 in Opposition to Defendant Banks' Motion to Dismiss for Vagueness or in the Alternative for a Bill of Particulars.

The Court has inherent supervisory authority to seal documents in appropriate circumstances. See Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files . . . .").

Here, for the reasons described in the attached declaration, sealing of these documents is necessary to protect the identity of witnesses who participated in the government's investigation, who may testify at trial, and/or whose safety or whose family's safety may be endangered by disclosure of identifying information.

The government accordingly requests that the documents be maintained under seal until further order of the Court.

Dated: November 14, 2025          Respectfully submitted,

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

    /s/
IAN V. YANNIELLO
GREGORY W. STAPLES
DANIEL H. WEINER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**DECLARATION OF DANIEL H. WEINER**

I, Daniel H. Weiner, declare as follows:

1. I am an Assistant United States Attorney for the Central District of California and I am one the attorneys assigned to the prosecution of United States v. Durk Banks, et al., No. CR 24-621(B)-MWF. I make this declaration in support of the government's ex parte application for an order sealing the government's Exhibits 1-6 in Opposition to Defendant Banks' Motion to Dismiss for Vagueness or in the Alternative for a Bill of Particulars.

2. The government requests leave to file these documents under seal. The above-described documents discuss and/or contain identifying information of witnesses who participated in the government's investigation, who may testify at trial, and/or whose safety or whose family's safety may be endangered by disclosure of identifying information. Sealing of the documents is therefore desirable because the government believes that public disclosure of such information may endanger the witnesses and/or their family's safety, and could cause others to attempt to intimidate the witnesses and/or their family, or otherwise dissuade the witnesses from cooperating with the government.

3. Accordingly, the government requests that the documents be kept under seal until further order of the Court.

4. Counsel for defendants have advised the government that they had no objection to the government's request to file such documents under seal. Counsel for defendant Banks objects to the government being permitted to supplement the record after briefing has been completed.

4

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief and that this declaration was executed on November 14, 2025, at Los Angeles, California.

                                            */s/ Daniel H. Weiner*
                                            DANIEL H. WEINER