DREW FINDLING
MARISSA GOLDBERG
The Findling Law Firm PC
3575 Piedmont Road
NE Tower 15, Suite 1010
Atlanta, GA 30305
Telephone: (404) 460-4500
Email: drew@findlinglawfirm.com
         marissa@findlinglawfirm.com

JONATHAN M. BRAYMAN
Breen & Pugh
53 W. Jackson Blvd., Suite 1550
Chicago, IL 60604
Telephone: (312) 360-1001
Email: jbrayman@breenpughlaw.com

CHRISTY O'CONNOR (Bar No. 250350)
The Law Office of Christy O'Connor
360 East 2nd Street, Suite 800
Los Angeles, California 90012
Telephone: (323) 716-5959
Email: christy@christyoconnorlaw.com

Attorneys for Defendant
DURK BANKS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>Plaintiff,<br><br>v.<br><br>DURK BANKS et al.,<br><br>Defendants. | Case No. 2:24-cr-00621-MWF<br><br>**DEFENDANTS' JOINT OBJECTIONS TO COURT'S NOVEMBER 14, 2025 SCHEDULING NOTICE AND ORDER** |

Defendants Durk Banks, Deandre Dontrell Wilson, David Brian Lindsey, and Asa Houston, by and through their respective counsel, hereby file these objections to the Court's November 14, 2025 Scheduling Notice and Order (Dkt. 291).

Respectfully submitted,

BY: /s/ *Drew Findling*          /s/ *Craig A. Harbaugh*

/s/ *Jonathan M. Brayman*    Attorney for Deandre Dontrell Wilson

/s/ *Marissa Goldberg*         /s/ *Tillet J. Mills II*

/s/ *Christy O'Connor*         Attorney for David Brian Lindsey

Attorneys for Durk Banks      /s/ *Shaffy Moeel*

Attorney for Asa Houston

**OBJECTIONS**

## I. INTRODUCTION

As Justice Brandeis observed, "[s]unlight is said to be the best of disinfectants."[1] Defendants object to the Court's November 14, 2025 Order (Dkt. 291), scheduling a closed-door status conference on *Defendants' Joint Motion to Disqualify, Dismiss Indictment, Vacate Scheduling Order, Reopen Pretrial Hearings, and Hold an Evidentiary Hearing, Based on Fifth and Sixth Amendment Violations* (Dkt. 290) ("Defendants' Joint Motion"), and maintaining the hearing on substantive motions set for November 18, 2025.

The Order violates Defendants' Sixth Amendment right to a public trial and improperly permits substantive litigation while a recusal/disqualification motion—directed at the entire Central District of California bench and the United States Attorney's Office for the Central District ("USAO-CDCA")—remains pending. To the extent that the Court's decision to close the hearing is to avoid disclosing the nature of the threats to the rest of the bench, this concern only reinforces the need to transfer the recusal motion outside of the Central District. Further, the Court must defer any substantive rulings, including pretrial motions, until Defendants' Joint Motion is resolved.

Accordingly, Defendants request that the Court vacate the closure, conduct proceedings in open court, and stay substantive proceedings pending resolution of Defendants' Joint Motion by another judge (specifically, an out-of-district judge).

## II. FACTUAL BACKGROUND

On November 13, 2025, Defendants filed Defendants' Joint Motion (Dkt. 290), alleging the prosecution team concealed—for over seven months—death threats made against Magistrate Judge Patricia Donahue, Assistant United States Attorney Ian Yanniello, and courthouse/USAO personnel. Defendants' Joint Motion argues that

---

[1] *L. Tarango Trucking v. County of Contra Costa*, 202 F.R.D. 614, 620 (N.D. Cal. 2001) (citing *Buckley v. Valeo*, 424 U.S. 1, 67 (1976)) (quoting L. Brandeis, Other People's Money 62 (ed. 1933)).

these circumstances created an appearance of partiality under 28 U.S.C. § 455(a) and violated Defendants' constitutional rights under the Fifth and Sixth Amendments. It requests judicial recusal/disqualification, disqualification of the USAO-CDCA, dismissal of the Second Superseding Indictment, vacatur of the scheduling order (Dkt. 220 ¶ 6), reopening pretrial hearings, and reassignment to an out-of-district or out-of-circuit judge.

On November 14, 2025, the Court issued the following scheduling notice and order:

> The previously calendared motions will be heard as scheduled on November 18, 2025 at 10:00 a.m. The Court will also hold a brief status conference with the courtroom closed in regard to the newly filed motion.

(Dkt. 291)

### III. ARGUMENT

#### A. The Court's Order to Conduct a Closed-Door Hearing Violates Defendants' Sixth Amendment Right to a Public Trial.

The Sixth Amendment guarantees, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." The Supreme Court has reaffirmed the public-trial right not only for the trial itself, but to all critical pretrial proceedings. *See Waller v. Georgia*, 467 U.S. 39, 46-47 (1984) (suppression hearing); *Presley v. Georgia*, 558 U.S. 209, 215 (2010) (voir dire). The public trial right "attaches to those hearings whose subject matter 'involve[s] the values that the right to a public trial serves.'" *United States v. Waters*, 627 F.3d 345, 360 (9th Cir. 2010) (quoting *United States v. Ivester*, 316 F.3d 955, 960 (9th Cir. 2003)). Those four values are: "(1) to ensure a fair trial, (2) to remind the prosecutor and judge of their responsibility to the accused, (3) to encourage witnesses to come forward, and (4) to discourage perjury." *Id.* Applying this standard, the Ninth Circuit has reaffirmed a defendant's public-trial right in a myriad of contexts, including proceedings before, during, and after trial. *See, e.g., Waters*, 627 F.3d at 361 ("conclud[ing] that Waters' Sixth Amendment public-trial

2

rights attached to her pretrial hearing, we hold that the district court erred by closing the hearing to the public."); *United States v. Rivera*, 682 F.3d 1223, 1229 (9th Cir. 2012) ("we hold that the Sixth Amendment right to a public trial attaches at sentencing proceedings"); *United States v. Ramirez-Ramirez*, 45 F.4th 1103, 1107 (9th Cir. 2022) (finding district court "plainly erred…in making only a written finding of guilt [following a bench trial], rather than announcing its finding in a public setting"). "Before ordering a total closure, the court must determine that there is 'an overriding interest based on findings that closure is essential to preserve higher values.'" *United States v. Allen*, 34 F.4th 789, 797 (9th Cir. 2022) (internal citations omitted).

It is difficult to imagine a proceeding that more directly implicates the fundamental principles of a defendant's public-trial right than a motion seeking the recusal of both the bench and the prosecution. Deciding any part of such a disqualification motion in secret would undermine a central purpose of the public-trial guarantee—"to remind the prosecutor and judge of their responsibility to the accused." *Waters*, 627 F.3d at 360. Defendants' Joint Motion does more than allege bias by the USAO-CDCA or the Court; it asserts that critical facts were withheld from them as they litigated their defense, leaving them unaware of significant events occurring behind the scenes.

The Court's order directing a closed hearing on Defendants' Joint Motion violates their Sixth Amendment right to a public trial. There is no overriding interest justifying closure of this critical proceeding. If any interest exists that might warrant limited restrictions, it would only reinforce the need to refer the matter outside the district rather than potentially deny Defendants' Joint Motion summarily at a "brief status conference."

### B. The Court Should Not Proceed on Substantive Motions While Defendants' Joint Motion to Disqualify Remains Pending.

Federal law requires recusal/disqualification "in any proceeding in which [the Court's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This

objective standard turns not on "whether or not the judge actually knew of facts creating an appearance of impropriety, so long as the public might reasonably believe that he or she knew." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Recusal is mandated where "a reasonable third-party observer would perceive that there is a 'significant risk' that the judge will be influenced by the threat and resolve the case on a basis other than the merits." *United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008); *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 872 (2009) (recusal required when "the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable").

Defendants' Joint Motion raises substantial allegations. Judge Donahue received explicit death threats referencing defendants that threatened her life and the lives of all courthouse personnel; this Court knew of those death threats as of February 25, 2025; the prosecution team then engaged in *ex parte* communications with the bench and actively participated in criminal investigations where a judge presiding over this case was the recipient, an intended target, and victim of those death threats; the prosecution team continued to press forward with litigation in front of Judge Donahue, who then presided over detention proceedings while threats to her life were under criminal investigation *by the prosecution team*; this Court adopted her findings without disclosing the death threats; and the prosecution team concealed those threats for over seven months until they wanted to *use them* against Defendants in seeking an anonymous jury. These allegations create a serious risk that rulings may be perceived to have been influenced by factors other than the merits. Whether these allegations ultimately warrant recusal/disqualification must be decided by an independent arbiter.

In the interim, the Court should not make substantive rulings until the joint recusal/disqualification motion is resolved. Courts recognize that challenged judges should await resolution of other aspects of the litigation while the recusal motion is pending. *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978) ("[o]nly after the legal sufficiency of the affidavit is determined does it become the duty of the judge to

4

'proceed no further' in the case") (quoting *United States v. Montecalvo*, 545 F.2d 684, 685 (9th Cir. 1976)); *Cochran v. SEC*, 20 F.4th 194, 212 (5th Cir. 2021) (en banc) ("Given that disqualification disputes concern the basic integrity of a tribunal, they must be resolved at the outset of the litigation"); *Daker v. Warren*, No. 20-12296, 2023 U.S. App. LEXIS 18074, at *8 (11th Cir. July 17, 2023) (stressing courts should defer substantive rulings until a recusal motion is resolved); *Barksdale v. Emerick*, 853 F.2d 1359, 1362 (6th Cir. 1988) ("These issues concerning the propriety of the action of the District Judge in adjudicating the [disqualification motion] logically precede the adjudication of the case on the merits"); *Cf.* C.D. Cal. L.R. 72-5 (following the filing of a motion to disqualify a magistrate judge, such judge "shall not proceed with the matter until the motion has been determined").

Proceeding notwithstanding the recusal motion would create an appearance of impropriety that cannot be remedied later. If the disqualification motion is granted, any intervening rulings will have been made by a judge who should have been recused. If denied, Defendants will perceive the Court ruled against them while a challenge to the Court's impartiality was pending. Either outcome undermines confidence in the fairness of these proceedings. Further, it would be a waste of judicial resources if the Court's substantive rulings are later set aside. *See, e.g., Oh v. ReconTrust Co., N.A.*, No. 8:21-cv-01808-MCS-ADS (C.D. Cal. Apr. 29, 2022), Dkt. 84 (vacating substantive orders upon discovery of conflict that existed at the time the judicial officer issued the orders).

## IV. CONCLUSION

Defendants respectfully request that the Court conduct all proceedings on Defendants' Joint Motion (Dkt. 290) in open court, stay all proceedings in this case, including the pending substantive pretrial motions, and refer the recusal/disqualification motion to the Chief Judge for assignment to an out-of-district judge.