# EXHIBIT D

1 10:17:10                    UNITED STATES DISTRICT COURT

2                  CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

3                 HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

4

5

UNITED STATES OF AMERICA,        )
6                                )
             Plaintiff,          )
7                                )
                  vs.            )
8                                )   2:24-CR-621-MWF
DEONDRE DONTRELL WILSON,         )
9    DAVID BRIAN LINDSEY,         )
ASA HOUSTON,                     )
10   DURK BANKS,                  )
                                 )
11           Defendants.         )
     _____)

12

13

14

15                      REPORTER'S TRANSCRIPT OF HEARING

16                         Los Angeles, California

17                       Tuesday, November 18, 2025

18

19

20

21            _____

22                      AMY DIAZ, RPR, CRR, FCRR
                        Federal Official Reporter
23                     350 West 1st Street, #4455
                         Los Angeles, CA 90012

24

25          *Please order court transcripts here:  www.amydiazfedreporter.com*

1  10:17:12          THE CLERK:  Calling item number one, case number

2  10:17:16   CR-24-621-MWF, United States of America vs. Deondre Dontrell

3  10:17:23   Wilson, David Brian Lindsey, Asa Houston, and Durk Banks.

4  10:17:29          Counsel, please state your appearance for the

5  10:17:30   record.

6  10:17:32          MR. YANNIELLO:  Good morning, Your Honor.  Ian

7  10:17:33   Yanniello, Danny Weiner and Greg Staples on behalf of the

8  10:17:39   United States, and with us at counsel table is FBI Special

9  10:17:40   Agent Jaron Farmdy.

10 10:17:43          MR. FINDLING:  Good morning, Your Honor.  Drew

11 10:17:44   Findling, Marissa Goldberg, Jonathan Brayman, Christy

12 10:17:47   O'Connor on behalf of Mr. Banks, who is present in court

13 10:17:49   today.

14 10:17:49          THE COURT:  All right.  Good morning, Counsel, good

15 10:17:51   morning, Mr. Banks.

16 10:17:53          MR. HARBAUGH:  Good morning, Your Honor.  Craig

17 10:17:54   Harbaugh on behalf of Mr. Wilson, who is present.

18 10:17:56          THE COURT:  Mr. Harbaugh, Mr. Wilson.

19 10:18:03          MS. MOEEL:  Good morning, Your Honor.  Shaffy Moeel

20 10:18:04   on behalf of Mr. Houston, who is present in custody.

21 10:18:05          THE COURT:  All right, Counsel, Mr. Houston.

22 10:18:05          MR. MILLS:  Good morning, Your Honor.  Tillet Mills

23 10:18:08   and Robert Jones on behalf of Mr. Lindsey.

24 10:18:09          THE COURT:  Good morning, Mr. Lindsey, good morning,

25 10:18:11   Counsel.

1 10:18:11          We are here for a hearing on the pretrial motions

2 10:18:18    which were filed.  After they were filed, a further flurry

3 10:18:23    arose from the filing the motion for recusal, or

4 10:18:29    disqualification and dismissal, and then the ex parte

5 10:18:34    applications related to that.

6 10:18:37          Having received the first motion and the request

7 10:18:41    that certain exhibits be filed under seal, which I granted, I

8 10:18:48    thought it would be useful to discuss a scheduling -- a

9 10:18:55    schedule for that motion.  And because certain things were

10 10:19:02   being filed under seal, perhaps that discussion should be

11 10:19:06   under seal, as well.

12 10:19:07          Since then, the Government filed its initial

13 10:19:12   opposition.  And I think it's correct that there are two

14 10:19:14   issues raised by that motion:  The first, the recusal and its

15 10:19:19   related request to stay, and then the actual relief.

16 10:19:24          The Government did file its opposition to recusal

17 10:19:28   and a stay; and therefore, we can discuss that this morning.

18 10:19:38          And after that, I think we can then turn to the

19 10:19:42   other motions.

20 10:19:44          So the -- I think the Government frankly laid out

21 10:19:47   why -- I just don't understand the request for the recusal,

22 10:19:52   either of me or any other judge on this court.  I just -- I

23 10:19:58   just don't understand what the basis for that would be.  It

24 10:20:02   could be that if someone were ever brought to justice for the

25 10:20:09   threats that were made to the magistrate judge, assuming a

1 10:20:13  crime occurred, and assuming there was a prosecution, then

2 10:20:16  perhaps it would be appropriate for not just -- for all

3 10:20:20  judges on this court, not just myself, to recuse themselves

4 10:20:24  in that.

5 10:20:25         But here, regardless of what threats would be made

6 10:20:28  to me or to anybody else, there would be no basis for a

7 10:20:31  recusal, especially here where it's understood that those

8 10:20:38  threats, and one presumes any future threats, would not be at

9 10:20:42  the instigation of these defendants.

10 10:20:43        So again, I know the request has been made, so I

11 10:20:48  want to hear your argument, but I just don't understand what

12 10:20:50  the basis is for any recusals of any Central District judges.

13 10:20:57        So, Counsel, do you want to be heard on that?

14 10:21:03        MR. FINDLING:  Your Honor, I'll start, and then --

15 10:21:07  Drew Findling on behalf of Mr. Banks -- and then I'll kick it

16 10:21:11  off to cocounsel on this issue.

17 10:21:13        First, let me start by telling Your Honor that the

18 10:21:19  Government's response does adhere to the briefing schedule.

19 10:21:23  So we believe that this needs to be addressed in a -- we

20 10:21:26  appreciate the opportunity to initially address it today.

21 10:21:29        THE COURT:  No.  Well, I think there is two issues.

22 10:21:31  The merits that -- of what you are requesting, that there

23 10:21:35  should be either disqualification of the prosecutors or

24 10:21:37  dismissal, that I think does -- that we'll take up at a

25 10:21:42  future date after the briefing is complete.  There will be an

1 10:21:46  opposition, you will file a reply, we'll find a time to hear

2 10:21:52  it.  What I'm addressing now is just the request for a

3 10:21:55  recusal and a stay.

4 10:21:57          MR. FINDLING:  Sure.

5 10:21:57          So, Your Honor, let me first talk about the glaring

6 10:22:02  omission in the Government's response that you make notice of

7 10:22:06  is, first of all, there is a little bit of inconsistency,

8 10:22:12  because on the one hand, my colleagues will be arguing at

9 10:22:16  some point about the anonymous jury in which the Government

10 10:22:21  relies on these calls as a reason for that.  So they place

11 10:22:25  great weight on it there, but as you recall from the filing

12 10:22:29  that they just did on this issue, they merely call it a few

13 10:22:34  calls.

14 10:22:34          The calls that they reference, the big issue that we

15 10:22:39  are most concerned about, is entirely left out of the

16 10:22:43  Government's filing.

17 10:22:44          If you will recall, respectfully, Your Honor, if you

18 10:22:49  will recall, one of the exhibits in our motion that we filed

19 10:22:53  on this issue was a letter we received from the Government

20 10:22:57  when we sent them a letter about our concerns about the

21 10:23:02  revelation that there had been threats to Judge Donahue going

22 10:23:08  back to February, to Mr. Yanniello in April, but the central

23 10:23:13  issue was that we were never told.

24 10:23:18          In fact, we don't even know to this day, it may be

25 10:23:21  that Judge Donahue, respectfully, thought we were told and

1  10:23:27    decided to waive the issue and not bring it up.  As our

2  10:23:30    attachments show, there was communications with Your Honor's

3  10:23:33    chambers, whether it's Your Honor, or other people in your

4  10:23:36    chambers, may have thought the Government did what I will

5  10:23:39    call, as an officer of the court, the right thing, and let us

6  10:23:42    know.  You may have thought that, or your chambers may have

7  10:23:45    thought that, Judge Donahue may have thought that.  I would

8  10:23:49    fathom they did think the Government notified us as counsel

9  10:23:54    in this case, and we waived the issue.

10 10:23:55        The central issue that is omitted from the

11 10:23:58    attachment we gave you, which is the Government's letter to

12 10:24:01    us, is they literally never reference May of 2025.  They

13 10:24:07    never reference in that letter that we did a detention

14 10:24:11    hearing for Mr. Banks in which, amongst other things -- and

15 10:24:18    it was a hearing that was substantive.  It was a change of

16 10:24:22    circumstances hearing.

17 10:24:22        In fact, if you look at Judge Donahue's order in it,

18 10:24:26    it is a substantive review of everything that took place in

19 10:24:29    that hearing.  So it wasn't a quick 15-minute hearing.

20 10:24:33        And what we did not know at the time when we were

21 10:24:36    saying that Mr. Banks should be released on bail, that he was

22 10:24:43    not a danger to the community, that he was not a threat to

23 10:24:47    anybody in the case, witnesses or anything like that, we did

24 10:24:50    not know, the Government did not let us know as counsel for

25 10:24:56    Mr. Banks, as honorable members of the bar, that had been

1  10:25:01  subjected to protective orders, and for attorney eyes only

2  10:25:05  orders, so we have shown, don't conflate us with allegations

3  10:25:08  you are making against people on this table.  We are members

4  10:25:11  of the bar.  You did not bother to let us know that we were

5  10:25:14  going in front of Judge Donahue, who had herself been

6  10:25:18  threatened by a third-party.

7  10:25:20        So to think that we got a fair and impartial hearing

8  10:25:24  at that time is faux.  It is make-believe.  And it is -- it

9  10:25:29  is really, Your Honor, as somebody that has been doing this a

10 10:25:32  long time -- and let me say, actually, loves being a lawyer,

11 10:25:35  and you will never hear me saying anything adverse in the

12 10:25:38  public about the people that represent the United States of

13 10:25:42  America and their job -- but to think so little of us, that

14 10:25:46  you would not let us know that we had a truly a ridiculous

15 10:25:51  hearing.

16 10:25:52        And then for that, to go from there, and to be

17 10:25:56  reviewed by Your Honor.  Your Honor had the position in June

18 10:26:01  when we -- to review not only what we said, but in looking at

19 10:26:06  your order, your order fastidiously studied the order that

20 10:26:11  was issued by Judge Donahue.

21 10:26:14        And so everything at that point was tainted.  And

22 10:26:18  what we didn't know, as our exhibits show, is the extent of

23 10:26:24  this investigation that was done by the lead FBI agent, that

24 10:26:30  a decision was made that the lead FBI agent in the case

25 10:26:34  against Mr. Banks and these codefendants, was the lead

1 10:26:38    investigator in these threats.

2 10:26:42            And all that communication is in our exhibits, was

3 10:26:46    shared with Your Honor's chambers.  And the threat to destroy

4 10:26:52    the building, or whatever, we just assume everybody -- I

5 10:26:56    mean, assume -- and I'll let -- cocounsel is going to address

6 10:26:59    this issue, because it was a collaborative effort, the

7 10:27:02    writing, as you would imagine -- but our thought process

8 10:27:07    collectively was that this threat was taken very seriously,

9 10:27:11    because the documents that we have submitted to Your Honor

10 10:27:14    show that the U.S. Marshals Service, shows the FBI, and the

11 10:27:19    Department of Justice didn't look at it, like the most recent

12 10:27:23    filing, a few phone calls; they looked at it as a serious

13 10:27:27    threat.  And we would imagine that that was disseminated.

14 10:27:33    People should know in this courthouse that somebody is making

15 10:27:36    this, what was deemed a viable threat.

16 10:27:39            And so that is the cause of what we consider at this

17 10:27:44    point to have been tainted proceedings.  These have been a

18 10:27:48    direct threat to the constitutional rights of Mr. Banks, his

19 10:27:52    due process rights.

20 10:27:54            I say it again, Your Honor, I'm in total disbelief.

21 10:28:02    Forty years, forty years, and there is not one part of me

22 10:28:05    that can imagine a rationale for letting us walk honestly in

23 10:28:10    front of Judge Donahue and make fools of ourselves.

24 10:28:16            As I said to my cocounsel, talking -- a lot of us

25 10:28:18    have children, when we raise kids, particularly teenagers,

1 10:28:21  you say there is a point and a counterpoint when you have a

2 10:28:24  debate.  But sometimes I said to my kids, there is no

3 10:28:28  counterpoint.  When I say to be in by 11, don't come back and

4 10:28:31  say you can get in by 11:05.

5 10:28:34         To me, respectfully, there is no counterpoint in

6 10:28:36  this.  There is no rationale, there is no rationale that you

7 10:28:39  let defense counsel, that is trying to protect the

8 10:28:44  constitutional rights of our client, to try to make sure he

9 10:28:47  has a fair and impartial determination as to whether in this

10 10:28:50  critical stage in the proceedings, he should be released, so

11 10:28:53  that he can be free and operate from the outside under the

12 10:28:57  stringent conditions, and that he's not going to be a threat

13 10:29:00  to the community, there is no rationale for not saying, we

14 10:29:04  know that you all have really honored the protective order.

15 10:29:08  We know you all have really protected the attorney's eyes

16 10:29:12  only.  You have shown us, okay, we want you to know -- and

17 10:29:17  maybe they said it a -- we can't let anybody else know, but

18 10:29:21  you should know before you argue, there is no rationale that

19 10:29:24  the Government can come up here and say, as my colleague

20 10:29:28  Mr. Brayman said, who has been a bird dog on case law around

21 10:29:31  the country, he says over and over again, "Find me a case

22 10:29:36  where a judge has told the Government, whether it be a state

23 10:29:41  sovereign or the United States of America, it's okay to keep

24 10:29:44  secrets and make fools of your opposing counsel," because

25 10:29:47  such a case does not exist.

1  10:29:49    Because the one thing that we have, and more

2  10:29:51    importantly, Mr. Banks has, is the Constitution.  And so we

3  10:29:57    operate under the thought process with this threat to the

4  10:30:01    courthouse, that this was taken -- and that is why we have

5  10:30:04    overloaded you with exhibits, and we want -- we deeply want

6  10:30:07    an evidentiary hearing, because we have talked about it, we

7  10:30:11    are like, the Court may have just thought that we knew.  The

8  10:30:16    Court may have thought we knew, and just went ahead and

9  10:30:21    thought we waived the issue.  We have no doubt that is a

10 10:30:24    major possibility, thought, yeah, the Government would never

11 10:30:29    keep a secret like that, never.  That would never happen.

12 10:30:32    But we didn't know.

13 10:30:33    So that is my thought process.  I know I want to

14 10:30:37    give time to my colleagues who want to address the same issue

15 10:30:41    with the Court's permission.

16 10:30:42    I think I'll pass to Mr. Harbaugh at this time.

17 10:30:47    MR. HARBAUGH:  Your Honor, just very briefly, and I

18 10:30:54    just want to address the objections that were filed.

19 10:30:58    So we appreciate the Court honoring our request to

20 10:31:03    have this public, because we think it is --

21 10:31:05    THE COURT:  I just want to repeat, Mr. Harbaugh,

22 10:31:08    when I suggested that it might be closed, it was solely in

23 10:31:11    regard to scheduling, and if the defense, which had requested

24 10:31:14    that certain exhibits be filed under seal, wish to have a

25 10:31:18    full discussion of those.  It's -- once the Government filed

1 10:31:21  its opposition, it was never my intention to have anything

2 10:31:25  other than a public hearing.

3 10:31:27      MR. HARBAUGH:  Thank you, Your Honor.  My -- our

4 10:31:30  apologies.  It was -- we were just going off the Court's

5 10:31:33  scheduling order.  So I appreciate that.

6 10:31:35      THE COURT:  Which was filed about 10 minutes after I

7 10:31:37  read your motion.  So it's -- obviously, there is a lot of

8 10:31:40  water under the bridge since then.

9 10:31:42      So go ahead.

10 10:31:43      MR. HARBAUGH:  Understood, Your Honor.

11 10:31:44      So my focus here is really on the -- our request for

12 10:31:50  a stay pending resolution of the recusal with full fact

13 10:31:56  development.

14 10:31:57      And, Your Honor, at this -- the problem that the

15 10:31:59  defense has, is we don't know what we don't know.  We have

16 10:32:03  very limited discovery that the Government provided to us

17 10:32:08  only with the goal of relying upon that evidence in support

18 10:32:15  of their motion for an anonymous jury.

19 10:32:18      It was not disclosed to us to inform us as to what

20 10:32:23  is going on behind the scenes, that there are threats to the

21 10:32:28  judiciary in this case.  It wasn't to keep us apprised.  It

22 10:32:33  was solely for the Government's benefit, so they could pursue

23 10:32:37  an anonymous jury.  And, yes, it was maybe a few days before,

24 10:32:41  but it was for the filing.  Clearly, that was the sole

25 10:32:45  intent.

1  10:32:45          And so, Your Honor, we have some piecemeal

2  10:32:48   information, and the defense certainly has a reasonable

3  10:32:52   basis, and at this point we would reserve on whether, and to

4  10:32:56   the extent which judges knew, but it's a reasonable inference

5  10:33:00   that the courthouse was informed of this threat of causing

6  10:33:08   damage to the entire building.

7  10:33:10          And so, Your Honor, the -- the defense has been at

8  10:33:19   an incredible disadvantage, which is why we think a

9  10:33:24   substantive evidentiary hearing should be ordered by the

10 10:33:29   Court, so we can address these issues.

11 10:33:32          And our concern, and I apologize for jumping the

12 10:33:34   gun, is that the Court was going to summarily deny the

13 10:33:39   recusal motion, and then just proceed to the merit -- the

14 10:33:42   substantive pretrial motions that the parties have filed.

15 10:33:45          And, Your Honor, even if the evidence --

16 10:33:49          THE COURT:  Go ahead, Mr. Harbaugh.  Go ahead.

17 10:33:53          MR. HARBAUGH:  Your Honor, even if the Court was not

18 10:33:57   personally aware, the issue is what the public would perceive

19 10:34:02   would be the appearance of bias based upon these looming

20 10:34:07   threats, not by our clients, but in their names, specifically

21 10:34:12   invoking their names.

22 10:34:14          And so, Your Honor, based upon that, we think the

23 10:34:16   most prudent course is to schedule expeditiously a hearing on

24 10:34:23   the recusal, and that the Court defer on the substantive

25 10:34:26   motions today.

1 10:34:27          THE COURT:  Thank you.

2 10:34:29          Do any other defense counsel wish to be heard?

3 10:34:33          Does the Government wish to be heard?

4 10:34:36          MR. YANNIELLO:  Briefly, Your Honor.

5 10:34:37          We understand that the arguments that counsel is

6 10:34:43  making, Mr. Findling, but that is conflating the issue.  The

7 10:34:47  issue before Your Honor is whether Your Honor can be

8 10:34:49  perceived as a biased arbiter of fact here.  Mr. Findling,

9 10:34:55  his entire argument was based on what occurred before the

10 10:34:59  magistrate judge.

11 10:35:00          One thing I do agree with both counsel on is that

12 10:35:03  the threats here have not been linked to any of the

13 10:35:06  defendants in this case.  They were third-party actors.  And

14 10:35:10  it would be not only counterintuitive, but it would defy

15 10:35:15  binding circuit law if judges could be recused based on

16 10:35:19  third-parties or people, even the defendants threatening or

17 10:35:24  trying to intimidate the judge.

18 10:35:26          There is binding law on this point in *Clemons vs.*

19 10:35:29  *United States District Court*, the judge did not recuse, even

20 10:35:33  though the underlying litigation was three -- a person who

21 10:35:38  threatened three different Central District judges, three

22 10:35:42  different judges, and the District Judge still proceeded in

23 10:35:46  that case.

24 10:35:47          The Government's position is the Court can and

25 10:35:49  should categorically reject and summarily deny the request to

10:35:53   recuse.  There is no basis to perceive that this Court can

10:35:56   proceed in any fashion other than fair and impartial.

10:36:00            THE COURT:  Thank you.

10:36:02            MR. FINDLING:  May I respond briefly, Your Honor?

10:36:04            THE COURT:  You may.

10:36:05            MR. FINDLING:  Thank you.

10:36:05            Your Honor, I respectfully disagree with the

10:36:10   Government when they say that -- my words are very clear to

10:36:13   Your Honor, and I remember very well, I believe Your Honor

10:36:17   gave us a lengthy hearing on June 2nd.  We had the grand jury

10:36:22   hearing on the transcripts that Ms. O'Connor did, and then

10:36:26   the detention hearing was actually a lengthy hearing.

10:36:30            You took that under advisement, and then you

10:36:32   issued -- you can see your own order -- you gave a very

10:36:36   substantive analysis, not only the hearing, but you gave a

10:36:39   substantive analysis of the decision that was made by the

10:36:44   magistrate in May.

10:36:46            And if I remember correctly, in the sheet, it

10:36:51   references in your order, it lists like the documents

10:36:54   reviewed, or something like that, and I want to say all of

10:36:56   them had May dates, if my memory serves me correctly.

10:37:01            And so while we see the documents going back and

10:37:06   forth to your chambers, we don't know what was communicated

10:37:09   to you.  But here is what we do know:  We do know that you

10:37:14   were analyzing the May decision by Judge Donahue, who was

1 10:37:21   well informed of this threat.

2 10:37:23           And so it wasn't just about Judge Donahue, it's that

3 10:37:29   you were in a position -- and again, we say the same thing,

4 10:37:31   we don't know if you or Judge Donahue thought we knew, we

5 10:37:35   have no idea.  And we -- and we concur on the staying the

6 10:37:39   proceedings.  You know, we want to move forward as hard as

7 10:37:44   anybody else, but we feel that, we have fully explained to

8 10:37:46   our client that we have a constitutional responsibility to

9 10:37:50   stay and exhaustively look at this issue.

10 10:37:53          And as Mr. Harbaugh said, it's really clear, it's

11 10:37:56   the appearance, it's the appearance of impropriety, and that

12 10:37:59   is something that the Government didn't talk about, and quite

13 10:38:02   frankly, they can't talk about, because there is no

14 10:38:06   counterpoint, it's indefensible.

15 10:38:08          THE COURT:  Well, that will be addressed later as to

16 10:38:12   what the Government did, and how dire it is.

17 10:38:16          On the matter that is currently before me, the first

18 10:38:22   is should the request for recusal be referred to a different

19 10:38:26   judge?  The rules in this district are very clear, where that

20 10:38:32   it is -- it is consistent with statute that the matter should

21 10:38:38   first be considered by the judge to whom the request is made.

22 10:38:41          And keeping that in mind, the request is denied.

23 10:38:47   There is no basis here for either my recusal, or for that

24 10:38:52   matter, Judge Donahue's recusal.

25 10:38:56          And I disagree that counsel were made fools of.  I

1 10:39:02    just don't think that is true.  But that is -- I know that

2 10:39:04    you sincerely do believe that, and we'll discuss that at the

3 10:39:08    next hearing.

4 10:39:09        For now, it simply is not the case, and the

5 10:39:15    Government is correct about the case law, that actions in

6 10:39:20    this case can force a judge off the case.  Of course, this is

7 10:39:26    never going to happen, but even if one of the defendants here

8 10:39:29    were to stand up and threaten me in open court, I would hold

9 10:39:33    that person in contempt, but that would not be a basis for me

10 10:39:36    to be recused from the case.

11 10:39:40        Like I said, it's one thing if someone were to be

12 10:39:43    indicted and separately prosecuted for threats, but that is

13 10:39:48    not the situation that we have here.

14 10:39:50        Rather, the situation is, can someone unilaterally

15 10:39:57    force assigned judges off a case by making threats?  And the

16 10:40:01    answer to that question is no.  And it has to be, because

17 10:40:05    otherwise, there would be a -- there would be a reason that

18 10:40:10    people might want to do that.

19 10:40:13        Here, it's especially the case where at no time has

20 10:40:16    anyone thought that the defendants here had any role in this.

21 10:40:21    It was clearly someone who just was agitated and acted out,

22 10:40:28    and did something that should never have been done, but that

23 10:40:31    just has nothing to do with these defendants; and therefore,

24 10:40:36    there is simply no basis for my recusal, Judge Donahue's

25 10:40:42    recusal, or to stay anything.

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER

1  10:40:45          The request for recusal is denied, and we will go

2  10:40:49   forward with the current schedule.

3  10:40:51          You know, the Government raised in its opposition

4  10:40:54   the thought that this is, in essence, an attempt to obtain a

5  10:41:05   continuance with counsel knowing the Government would object

6  10:41:08   to that.

7  10:41:09          I do take your views here, and your agitation

8  10:41:15   seriously, and know that they are sincerely held, but the

9  10:41:19   fact is if one of the defendants feels that there needs to be

10 10:41:22   a continuance of this trial, I'm not in favor of that,

11 10:41:26   clearly the Government isn't, probably many of the defendants

12 10:41:29   and counsel are not, as well, then the request should just be

13 10:41:32   made here, and I'll consider it.  Is there -- is it necessary

14 10:41:36   to have a continuance here?

15 10:41:39          But to do that gratuitously when I would either

16 10:41:44   recuse myself, when there is no basis, or even refer it to

17 10:41:47   another judge in this district, when there is no basis, then

18 10:41:51   that just would be inappropriate, when it would likely lead

19 10:41:57   to a continuance, which is something I don't want, I know the

20 10:42:04   Government doesn't want it, because it said so, and it could

21 10:42:07   well be that many of the defendants and counsel don't want

22 10:42:09   it, either.  So all the more reason that the request should

23 10:42:14   be denied.

24 10:42:14          However, the second half of your motion, which is

25 10:42:18   that the Government has done something which is sufficient to

1 10:42:24   require some other sort of relief than recusal is something

2 10:42:29   that we'll take up at the appropriate time.

3 10:42:31          Let me now turn to the numerous motions which are

4 10:42:38   here.

5 10:42:44          The motion in limine, properly brought, as counsel

6 10:42:47   said, early enough so it can affect how a trial is prepared,

7 10:42:54   is obviously tied, then, to the motion to sever.

8 10:42:59          And the purported 404(b) evidence is so voluminous

9 10:43:08   and so many different sorts that I'm just not prepared to

10 10:43:12   address that today.  So we'll address that at our next

11 10:43:15   hearing.  And there likewise, then, is -- we will address the

12 10:43:21   motion to sever after the dust settles on the 404(b) motion.

13 10:43:28          What we are left with, then, is the motion to

14 10:43:33   dismiss for vagueness, or in the alternative, for the bill of

15 10:43:37   particulars, the motion to dismiss Count 4, the motion for an

16 10:43:47   early -- to suppress evidence, which might have been mooted

17 10:43:52   by the Government's concessions in its opposition, I wasn't

18 10:43:57   clear on that, the motion for an early return of Jencks Act

19 10:44:01   material, and as was mentioned, the Government's request for

20 10:44:04   an anonymous jury.

21 10:44:06          So let's start taking those up.

22 10:44:10          Let me hear counsel on Mr. Banks's motion, in which

23 10:44:16   the other defendants join, to dismiss for vagueness or the

24 10:44:19   bill of particulars.

25 10:44:21          MS. O'CONNOR:  Thank you, Your Honor.