1  MOEEL LAH FAKHOURY LLP
   Shaffy Moeel (State Bar No. 238732)
2  2006 Kala Bagai Way, Suite 16
   Berkeley, CA 94704
3  Telephone:   (510) 500-9994
   Email:      shaffy@mlf-llp.com
4

5  Attorneys for Asa Houston

6              IN THE UNITED STATES DISTRICT COURT

7            FOR THE CENTRAL DISTRICT OF CALIFORNIA

8                      WESTERN DIVISION

9

10  UNITED STATES OF AMERICA,          Case No.: 2:24-CR-00621-MWF-5

11              Plaintiff,             **DEFENDANT ASA HOUSTON'S**
                                       **SUPPLEMENTAL AUTHORITY IN**
12        v.                           **SUPPORT OF MOTION TO DISMISS**
                                       **COUNT FOUR**
13  ASA HOUSTON,

14              Defendant.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant Asa Houston submits supplemental authority in support of his motion to dismiss Count Four of the Second Superseding Indictment, charging him with use, carry and discharge of a firearm and machinegun, in furtherance of a crime of violence, resulting in death, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and (j)(2). *See* Dkt. 226, Motion to Dismiss ("Motion").

Three weeks after the hearing held on Mr. Houston's motion on November 18, 2025, the Fifth Circuit decided *United States v. Elkins*, ___ F.4th ___, 2025 WL 3537272 (5th Cir. 2025) on December 10, 2025, and held that cyberstalking resulting in death under 18 U.S.C. § 2261A(2) was not a "crime of violence" under 18 U.S.C. § 924(c) and reversed a district court holding otherwise. Dkt. 316. The district court decision reversed by the Fifth Circuit was cited as persuasive authority by the government in its opposition to Mr. Houston's motion to dismiss. *See* Dkt. 272, Government's Opposition to Defendant Asa Houston's Motion to Dismiss Count 4 of the Second Superseding Indictment ("Gov. Oppo.") at 8 (citing *United States v. Elkins*, 725 F. Supp. 3d 570 (N.D. Tex. 2024)).

The Fifth Circuit explained that § 2261A(2) was divisible "because, in separate subsections, it sets forth the elements of two distinct offenses." *Elkins*, 2025 WL 3537272, at *3. It distinguished between § 2261A(2)(A), which is violated when a defendant places a victim "in reasonable fear of the death of or serious bodily injury to a person," and § 2261A(2)(B), which is violated when "with the specified intent" a defendant "uses certain means to 'cause[ ], attempt[ ] to cause, or would be reasonably expected to cause substantial emotional distress to a person.'" *Id.* (quoting § 2261A(2)(B)). Noting "the jury instruction did not require the jury to indicate which offense it found [the defendant] committed," it proceeded to analyze whether either subsection of § 2261A(2) was overbroad. *Elkins*, 2025 WL 3537272, at *3.

Focusing on § 2261A(2)(B), the Fifth Circuit found that "least serious conduct" to support a conviction would be intending to "harass" or "intimidate" by means that "would be reasonably expected to cause substantial emotional distress to a person." *Id.* (quoting § 2261A(2)(B)). It noted "no use or threatened use of force is required" and the crime could be satisfied by a defendant who used "an electronic communication service, with intent to harass, causing substantial emotional distress to the victim." *Elkins*, 2025 WL 3537272, at *3.

DEFENDANT ASA HOUSTON'S SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS COUNT FOUR
*United States v. Houston*, 2:24-CR-00621-MWF-5

1

1   Nor did it matter that the victim's death resulted because the "penalty provision in

2   2261(b)…does not require that the stalker use or attempt to use or threaten to use physical force to

3   cause the death of the victim." *Id.* at *4. "For example, the victim could experience such severe

4   emotional distress from the publication of nude images and sex videos of her that she commits

5   suicide. Her death would result from the stalking without the use, threatened use, or attempted use of

6   physical force by the stalker." *Id.*

7   Moreover, the Fifth Circuit also held that following the Supreme Court's decision in *Borden v.*

8   *United States*, 593 U.S. 420 (2021), § 2261A also could not satisfy the definition of a "crime of

9   violence" because it did not require the *intentional* use of physical, violent force. *Elkins*, 2025 WL

10  3537272, at *4-5. It noted that the "resulting-in-death element" in 2261(b)(1) "does not require that

11  the defendant used, attempted to use, or threatened to use physical force against the victim. It does

12  not even require that the defendant contemplated use or threatened use of physical force. It only

13  requires that the 'death of the victim results' from the defendant's conduct. The death of the victim

14  can result from reckless conduct, such as posting photos on the internet, motivated by intent to harass

15  or intimidate." *Elkins*, 2025 WL 3537272, at *5.

16  The Fifth Circuit summarized "A defendant who stalks a victim using any of the means set

17  forth in § 2261A, intending to harass the victim and cause severe emotional distress, and who

18  recklessly triggers their suicide, has engaged in culpable conduct. But they need not have used,

19  threatened to use, or attempted the use of force against a person to be convicted under §§

20  2261A(2)(B) and 2261(b)." *Id.* at *7. Thus, the statute failed to meet the definition of a "crime of

21  violence." *Id.*

22  *Elkins* is directly on point here notwithstanding the fact the government is relying on §

23  2261A(2)(A) in this case, not § 2261A(2)(B) as analyzed by the Fifth Circuit. *See* Gov. Oppo. at 1

24  (noting government has elected "to proceed only under §§ 2261A(2)(A), 2261(b)(1)—*i.e.*, that the

25  defendants engaged in course of conduct that placed the victims in reasonable fear of death or serious

26  bodily injury, resulting in S.R.'s death—not under § 2261A(2)(B).").

27  First, *both* subsections of § 2261A(2) require nothing more than the "intent to kill, injure,

28  harass, intimidate." The Fifth Circuit correctly noted the "specific intent" of "intent to harass or

DEFENDANT ASA HOUSTON'S SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS COUNT FOUR
*United States v. Houston*, 2:24-CR-00621-MWF-5

1  intimidate…is not an intent to kill or physically harm another person." *Elkins*, 2025 WL 3537272, at

2  *5; *see also* Dkt. 285, Defendant Asa Houston's Reply to Government's Opposition to Motion to

3  Dismiss Count Four ("Reply") at 4-5.

4       Second, none of the means covered by either § 2261A(2)(A) or (B) require any "use of force,"

5  and can be satisfied by nothing more than "using an electronic communication service." *Elkins*, 2025

6  WL 3537272 at *3; *see* Reply at 5-6.

7       Finally, the fact that death results cannot save the statute because "The death of the victim can

8  result from reckless conduct, such as posting photos on the internet, motivated by intent to harass or

9  intimidate." *Elkins*, 2025 WL 3537272 at *5; *see* Reply at 6-10. The "death results" language comes

10 from a different statute—§ 2261(b)—which applies to *both* subsections of § 2261A(2).

11      Thus, for the reasons set forth in *Elkins*, this Court should grant Mr. Houston's motion to

12 dismiss.

13      A copy of the opinion in *Elkins* follows this brief.

14

15

16

17      Dated:    December 16, 2025     Respectfully submitted,

18      MOEEL LAH FAKHOURY LLP

19

20      *s/ Shaffy Moeel*

     Shaffy Moeel

21      Attorneys for Asa Houston

22

23

24

25

26

27

28

DEFENDANT ASA HOUSTON'S SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS COUNT FOUR
*United States v. Houston*, 2:24-CR-00621-MWF-5