BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
IAN V. YANNIELLO (Cal. Bar No. 265481)
GREGORY W. STAPLES (Cal. Bar No. 155505)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
     1400/1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3667/3535/0813
     Facsimile: (213) 894-0142
     E-mail:    ian.yanniello@usdoj.gov
                greg.staples@usdoj.gov
                daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 24-621(B)-MWF |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT DURK BANKS' SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO EXCLUDE PROPOSED 404(B) EVIDENCE |
| v. | |
| DURK BANKS, et al., | |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys Ian V. Yanniello, Gregory W. Staples, and Daniel H. Weiner, hereby files its Response to Defendant Durk Banks' Supplemental Brief in Support of its Motion to Exclude Proposed 404(B) Evidence (Dkt. 350).

//

//

This Response is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: January 30, 2026                    Respectfully submitted,

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

　　　　　　　　　　　　　　　　　　/s/
IAN V. YANNIELLO
GREGORY W. STAPLES
DANIEL H. WEINER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**TABLE OF CONTENTS**

DESCRIPTION                                                        PAGE

TABLE OF AUTHORITIES...............................................ii

MEMORANDUM OF POINTS AND AUTHORITIES................................1

I.   INTRODUCTION...................................................1

II.  ARGUMENT.......................................................2

     A.   The Admissions Are Material to Prove Core Disputed
          Issues....................................................2

     B.   Contrary to Defendants' Claim, Admissibility of Lyrics
          and Music Videos is Well-Supported by Caselaw.............3

     C.   The Music Admissions are Narrowly Tailored and
          Relevant on Their Face....................................6

     D.   The Visual Depictions in the Excerpted Music Videos
          Are Also Material to Proving the Conspirators'
          Relationship and Involvement in the Murder Scheme.........9

     E.   The Music Admissions are Highly Probative and Not
          Unduly Prejudicial.......................................11

III. CONCLUSION....................................................12

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

**I.   INTRODUCTION**

At the Court's direction, the government provided defendants with an additional disclosure related to excerpts of music videos and lyrics the government intends to introduce at trial (the "Music Admissions"). The disclosure sets forth specific --- and narrowly tailored --- excerpts of 12 songs (9 music videos and 3 audio files) that are relevant and material to disputed issues in this case. For example, the government intends to introduce a small portion of defendant Banks' "Risky" music video[1] that (1) premiered two months after S.R.'s murder; (2) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓; and (3) contains lyrics where defendant Banks describes catching and shooting an "opp." (See Dkt. 350, Ex. 3 at 7.)

On January 23, 2026, defendants filed a supplemental memorandum that seeks to categorically exclude all of the Music Admissions, claiming the lyrics are art, hyperbole, and prejudicial. (Dkt. 350.) Defendants' filing, however, is telling in what it omits: defendants do not credibly dispute the relevance of the Music Admissions nor meaningfully address or distinguish any case the government has cited

---

[1] The government's proposed excerpt is approximately 34 seconds of the video, which is 3 minutes and 41 seconds long.

[2] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

1

in its multiple filings addressing the admissibility of the Music Admissions. Nor could they. The Music Admissions that defendants Banks and Wilson have made go to the heart of this trial and are admissible under relevant caselaw. As described below, the lyrics show that defendants and uncharged co-conspirators operated as a gang targeting "opps"; they show defendant Banks was a leader of OTF who used his money for violence (e.g., "I pay rent, they're my shooters"); they show defendant Banks admitting that he is "the type to hop on a flight with a warrant" (as he tried to do in this case); and they show defendant Banks rewarded the alleged hitmen in this case by, among other things, placement and participation in music videos that were released in the months following S.R.'s killing. These admissions are relevant and material to core disputed issues the jury will need to decide when determining who killed S.R. and the reason the hitmen stalked and attempted to execute Bowman on a busy street in Los Angeles.

Moreover, defendants are the moving parties here and bear the burden to show their overbroad relief (i.e., exclusion of all lyrics and music evidence) is warranted. They have failed to do so. The government respectfully requests that the Court deny the motion and rule that the excerpts of Music Admissions will be admitted.

## II. ARGUMENT

### A. The Admissions Are Material to Prove Core Disputed Issues

The Music Admissions are relevant, material, and admissible for numerous reasons, each of which is well supported by caselaw. The excerpted admissions: (i) show the co-conspirators' criminal relationship and the "background and development" of this murder conspiracy, including defendant Banks' and OTF's rivalry with Bowman,

2

see United States v. Smith, 282 F.3d 758, 768 (9th Cir. 2002); (ii) corroborate anticipated testimony that the conspirators acted at defendant Banks' and his trusted intermediaries' direction, see id.; see also United States v. Belfast, 611 F.3d 783, 793, 820 (11th Cir. 2010) (rap lyrics "particularly probative given [the defendant's] repeated assaults on the credibility of the government's principal witnesses who testified about [the defendant's] control over" co-conspirators); (iii) explain the reason that defendant Banks and his co-conspirators would kill Bowman and "show how and why" the hitmen flew across the country in search of a reward for the killing, see United States v. Santiago, 46 F.3d 885, 889 (9th Cir. 1995); and (iv) show the co-conspirators' "association with members of the enterprise" and "motive to participate in the charged conduct against" rival gang members, see United States v. Pierce, 785 F.3d 832, 840 (2d Cir. 2015) (rap videos admissible to show criminal relationship and motive).

### B. Contrary to Defendants' Claim, Admissibility of Lyrics and Music Videos is Well-Supported by Caselaw

As discussed above and in the government's prior filings, courts routinely permit the government to introduce evidence like the Music Admissions in conspiracy and gang cases. (See Dkts. 274, 327.)

Defendants, however, assert that the Music Admissions should be treated differently and wholesale excluded because the evidence amounts to "art" and "poetry." These arguments have been rejected by multiple courts of appeals. For example, in United States v. Pierce, the Second Circuit held that admission of a rap video did not violate the First Amendment because "the speech is not itself the proscribed conduct" but was rather "used to establish the existence of, and [the

3

defendant's] participation in, the alleged RICO enterprise." 785 F.3d at 841 (cleaned up). As the Supreme Court has made clear, the "First Amendment . . . does not prohibit the evidentiary use of speech to establish the elements of a crime or to prove motive or intent." Wisconsin v. Mitchell, 508 U.S. 476, 489 (1993). Accordingly, in Pierce, the court held that the rap video was admissible to show a defendant's "animosity toward [rivals]" and "his association with [his gang]." 785 F.3d at 841.

The court's reasoning and holdings in Pierce are not outliers. For example, in United States v. Belfast, the Eleventh Circuit affirmed the admission of rap lyrics in a Torture Act case, alleging that the defendant directed acts of torture committed by the Liberian government's Anti-Terrorism Unit ("ATU"). 611 F.3d at 820. The district court admitted the defendant's rap lyrics, including admissions stating: "Take this for free, six feet is where you gonna be. ATU niggas on the scene. Body bag is all you see." Id. at 820. The court affirmed the admission of the lyrics, reasoning that "by referring to the ATU, the lyrics provided evidence of [the defendant's] association with and continued identification as a member of the ATU." Id. The court emphasized that "the lyrics were particularly probative given [the defendant's] repeated assaults on the credibility of the government's principal witnesses who testified about [the defendant's] control over the ATU" and "contradict[ed] [the defendant's] post-arrest statements that he had never seen the ATU beat or kill anyone."

Likewise, in United States v. Stuckey, the Sixth Circuit affirmed the admission of rap lyrics in a murder case "to show that [the defendant] killed [the victim]." 253 F. App'x 468, 482–83 (6th

4

Cir. 2007). The court reasoned that "statements that [the defendant] dislikes and kills 'snitches,' fills their bodies with holes, wraps them in blankets, and dumps them in the road provides direct evidence that [the defendant] shot [the victim], wrapped his body in blankets, and dumped it in the road." Id.[3]

Pierce, Belfast, and Stuckey are directly applicable here because the Music Admissions prove, *inter alia*, defendants' "animosity toward [rivals]," "association with [OTF the gang]," and will be "particularly probative" given the crux of defendants' defense will be to attack the credibility of government witnesses.[4] Pierce, 785 F.3d at 841; Belfast, 611 F.3d at 820; Stuckey, 253 F. App'x at 482-83.[5] Defendants' request for a categorical bar on the Music Admissions is baseless and should be rejected.

---

[3] See also United States v. Moore 639 F.3d 443, 447–48 (8th Cir. 2011) (affirming admission of profane and violent rap recordings over a rule 403 challenge where lyrics were probative of defendant's participation in narcotics conspiracy).

[4] See, e.g., Dkt. 327 at 4 ("During oral argument on November 18, counsel for defendant Banks underscored why the government's proposed evidence is necessary to prove its case and rebut defendants' core arguments at trial ... Indeed, defense counsel rebuked one central witness as a "documented liar, a manipulator, and a fraud of the highest order.").

[5] The cases that defendants do cite are inapplicable. The cases involve single defendants charged with discrete crimes, see United States v. Stephenson, 550 F. Supp. 3d 1246 (M.D. Fla. 2021) (marijuana trafficking case against a single defendant stemming from a traffic stop); United States v. Bey, 2017 WL 1547006, at *1 (E.D. Pa. Apr. 28, 2017) (single defendant charged with being a felon in possession of a firearm), and involve lyrics that had little or no probative value to disputed issues in the case, see, e.g., United States v. Johnson, 469 F. Supp. 3d 193, 222 (S.D.N.Y. 2019) (RICO case where court excluded ambiguous lyrics after finding lyrics did not "contain any direct references to the Blood Hound Brims or to gang activity" and therefore "have little or no probative value").

5

### C. The Music Admissions are Narrowly Tailored and Relevant on Their Face

Rather than grapple with the actual text of the government's proposed Music Admissions, defendant again seeks to categorically exclude the government's proposed evidence as "[n]on-declarative, non-linear, and almost nonsensical." (Dkt. 350 at 28.) But the plain text of the admissions show otherwise --- they are particular, explicit statements that prove core, disputed issues in this case:

| | |
|---|---|
| **Admissions defendant Banks and OTF had motive for seeking revenge for Bennett's death and to kill Bowman** | • Banks: "They be on my page like 'Slide for Von', I know they trollin me . . . Got it back in blood, y'all just don't know, that's how it 'posed to be"[6]<br><br>• Banks: "Don't respond to shit with Von. I'm like, 'fuck it, you trippin', go get your gun'. They droppin' locations, I'm getting' it done. Fuck tweetin', we slidin', the feds are comin'"[7] |
| **That defendant Banks was the leader of OTF who funded his co-conspirators' violence against rivals, including by placing bounties** | • Banks: "We ain't tryna make peace with them boys . . . I pay rent they're my shooters"[8];<br><br>• Banks: "I don't want no niggas who you catch, I want the one |

---

[6] "Who Want Smoke??" featuring Lil Durk. Official music video available at: https://www.youtube.com/watch?v=U2SNwtE-0Us&list=RDU2SNwtE-0Us&start_radio=1, which premiered on October 8, 2021 (approximately five months after OTF co-conspirators attempted to kill Bowman in Georgia at defendant Banks' direction).

[7] "AHHH HA" by Lil Durk. Official music video available at: https://www.youtube.com/watch?v=_q6go0G49A0&list=RD_q6go0G49A0&start_radio=1, which premiered on February 21, 2022.

[8] "Hanging with Wolves" by Lil Durk. Official music video available at https://www.youtube.com/watch?v=CnT6NRiTz9M. The video premiered approximately 3 months after S.R.'s murder (December 9, 2022).

6

| | |
|---|---|
| | I paid for . . . Trollin' ass, we shot your homie"[9];<br><br>• Banks: "Popping traffic, we in Cali', ride through Beverly Hills with choppers . . . Bounty hunter"[10];<br><br>• Banks: "For the niggas who can carry, I'll buy 'em 50k in guns"[11]; |
| **That defendant Wilson was one of defendant Banks' trusted co-conspirators and rewarded hitmen** | • Banks: "Got Dede with me Threat, no, Big Threat . . . Block war, I got Dede with me, he a block boy. Hot boys, got so many guns, we feel like Glock boys"[12]<br><br>• Wilson: "Whatever you with, I'm with it Hop in the car with the gang, then you know it's all pressure . . . The members pop out with switches and you know they so extra . . . Knock 'em off up close, OTF, we don't do long distance . . . Brain missin', now you know a nigga top off 10K just to get a nigga knocked off"[13] |

---

[9] "Rumors" by Gucci Mane featuring Lil Durk. Official music video available at https://www.youtube.com/watch?v=QVn1DGgqBNo, which premiered on January 24, 2022.

[10] "Scoom His Ass" by Lil Durk featuring Boonie Mo (unreleased audio seized from co-conspirator's cell phone).

[11] "Go" by Lil Durk featuring defendant Wilson a.k.a. "Deeski". Official video available at https://www.youtube.com/watch?v=YkiisBNkxEo, which premiered on May 28, 2023.

[12] "Block is Hot" by Lil Durk and defendant Wilson a.k.a. "Deeski". Official music video available at https://www.youtube.com/watch?v=NRDVkv8eUWg&list=RDNRDVkv8eUWg&start_radio=1. The video premiered approximately 3 months after S.R.'s murder (December 16, 2022).

[13] "Whatever You Wit" by defendant Wilson a.k.a. "Deeski" and OTF. Official music video available at https://www.youtube.com/watch?v=iM3WAqEzeAQ, which premiered on December 21, 2023.

7

| | |
|---|---|
| | • Wilson: "We got time to slide, the only thing we duckin' is the jakes [police]. . . Grab the Glock and it ain't no safety . . . All my niggas, they fightin' cases, Murder ones, they beatin' the state"[14]<br><br>• Wilson: "I done masked up with gorillas, hundred shots up in them sprinters. If he died, that's what he get, hundred shots dumped in his whip. I take pride in doin' hits, go and slide and do a blitz. Your homie died 'cause we ain't miss"[15] |
| **Admissions with striking similarity to the co-conspirators' conduct in this case** | • Wilson: "We spinned his block, we pop that car, I'm on his ass, I hate to wait . . . I never heard of dude, only time I heard was on the news"[16];<br><br>• Wilson: "We don't shoot out cars, foenem hoppin' out and hawk you down. And I'm close enough to ask that nigga how this chopper sound"[17]; |

---

[14] Id.

[15] "Popeyes" by Doodie Lo and defendant Wilson a.k.a. "Deeski". Official music video available at https://www.youtube.com/watch?v=nf1BJiwyLrQ&list=RDnf1BJiwyLrQ&start_radio=1, which premiered on September 16, 2023.

[16] "Go" by Lil Durk featuring defendant Wilson a.k.a. "Deeski". Official video available at https://www.youtube.com/watch?v=YkiisBNkxEo, which premiered on May 28, 2023. As previously briefed, in a viral and widely reported video from the day of S.R.'s murder, law enforcement officers remove S.R.'s body from a vehicle while Bowman screams "no, no, no." See https://www.tmz.com/watch/2022-08-20-082022-rondo-quando-fox-11-1473147-591/.

[17] "Big Threat" by defendant Wilson a.k.a. "Deeski". Official music video available at https://www.youtube.com/watch?app=desktop&v=IxxZd1g-mVM&edufilter=NULL, which premiered on July 21, 2023.

8

| | |
|---|---|
| | • Banks: "Before they spin, told them 'Get they blicks and get the tints darker' . . . Go. Fool his ass, he think we buyin' some cars, we hop out, scoom his ass. Fool his ass, he ain't paying attention to this car 'cause we got Uber tags"[18] |
| **Banks' attempt to flee the country hours after his co-conspirators were arrested** | • Banks: "I'm the type to hop on a flight with a warrant, you gotta catch me"[19] |

### D. The Visual Depictions in the Excerpted Music Videos Are Also Material to Proving the Conspirators' Relationship and Involvement in the Murder Scheme

In addition to the verbal admissions, the Music Admissions contain key visual depictions that: (i) provide necessary context to the lyrics (i.e., photographs depicting Dayvon Bennett aka "King Von" while defendant Banks raps about killing his rivals or "opps"); (ii) shows the relationship and connection between the conspirators involved in the murder scheme; and (iii) proves the downstream benefits rewarded to the conspirators involved in the murder scheme, including prominent placement in music videos following S.R.'s murder.[20]  For example, multiple music videos posted online after

---

[18] "Scoom His Ass" by Lil Durk featuring Boonie Mo.

[19] "Hanging with Wolves" by Lil Durk. Official music video available at https://www.youtube.com/watch?v=CnT6NRiTz9M. The video premiered approximately 3 months after S.R.'s murder (December 9, 2022).

[20] The Music Admissions are highly probative to show how defendant Banks made his co-conspirators "straight" following the murder, e.g., prominent placement in his celebrity orbit and popular, commercial music videos.  As the Ninth Circuit has explained, "the plain meaning of § 1958 unambiguously encompasses a quid pro quo understanding involving something of economic value, as understood by common sense." United States v. Phillips, 929 F.3d 1120, 1124 (9th Cir. 2019); see also United States v. Zhang, 135 F.4th 44, 51 (2d Cir. 2025) (holding that "providing business connections is

*(footnote cont'd on next page)*

9

S.R.'s murder depict conspirators with prominent visuals paying homage to Bennett, whose killing in 2020 prompted the attempt to kill Bowman.[21] Another video shows defendant Wilson, wearing a conspicuous OTF chain, rapping that "**We** don't shoot out cars, foenem hoppin' out and hawk you down. And I'm close enough to ask that nigga how this chopper sound."[22] Such visual depictions are therefore highly probative of the key relationships the government must prove at trial. See, e.g., Smith, 282 F.3d at 768 (evidence showing co-conspirators' relationship admissible to "provide the 'background and development' of the conspiracy, and would help explain why [conspirators trusted each other] enough to include [] in the risky scheme"); Belfast, 611 F.3d at 820 (rap lyrics provided evidence of the defendant's "association with and continued identification as a member of the ATU").[23]

---

sufficient to constitute something of pecuniary value within the meaning of the murder-for-hire statute").

[21] See, e.g., "Block is Hot" by Lil Durk and defendant Wilson a.k.a. "Deeski". Official music video available at https://www.youtube.com/watch?v=NRDVkv8eUWg&list=RDNRDVkv8eUWg&start_radio=1. The video premiered ███████████████████████████████████████████████████████████████████

[22] "Big Threat" by defendant Wilson a.k.a. "Deeski". Official music video available at https://www.youtube.com/watch?app=desktop&v=IxxZd1g-mVM&edufilter=NULL, which premiered on July 21, 2023.

[23] Defendant's suggestion that the government can prove these key conspirator relationships by "merely present[ing] the fact that Mr. Wilson was featured on an album with Mr. Banks, or show a photo of the two men together" (Dkt. 350 at 28), is flatly contradicted by the Supreme Court's admonishment that "the prosecutor is entitled to prove its case by evidence of its own choice, or, more exactly, that a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it," Old Chief v. United States, 519 U.S. 172, 186-87 (1997).

### E. The Music Admissions are Highly Probative and Not Unduly Prejudicial

Defendant's arguments that the probative value of the lyrics "is extremely low, as it is impossible to differentiate between fact and fiction between the lines of song," (Dkt. 350 at 27), diminishes the jury's role to weigh defendants' own words.  As the Ninth Circuit has made clear, a "defendant's own out-of-court admissions surmount all objections based on the hearsay rule and are admissible for whatever inferences the trial judge can reasonably draw."  United States v. Warren, 25 F.3d 890, 895 (9th Cir. 1994) (cleaned up).

At bottom, the narrow excerpts of music videos and lyrics the government selected are material and necessary for the jury to understand --- and resolve --- core disputed issues in this case, including credibility of witnesses.  While defendants are free to argue to the jury should afford minimal weight to defendants' admissions about paying for violence, using vehicles to stalk and kill "opps," etc., that argument is not a reason to exclude this valuable evidence from the jury's purview.  To the extent the admissions are "prejudicial," "[r]elevant evidence is inherently prejudicial," and it is "only unfair prejudice, substantially outweighing probative value," that justifies "exclusion of relevant matter under Rule 403."  United States v. Hankey, 203 F.3d 1160, 1172 (9th Cir. 2000).  The defense fails to explain what is unfair about using statements defendants made and distributed publicly for profit when those statements on their face link defendants to the conspiracy to murder S.R.

//
//

11

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court deny the motion and rule that the excerpts of Music Admissions will be admitted.