Anthony M. Solis (SBN 198580)
Anthony M. Solis, A Prof. Law Corp.
23679 Calabasas Road, Suite 412
Calabasas, CA 91302
213-489-5880
anthonysolislaw@gmail.com

Amy Fan (SBN 156211)
St. Martin & Fan
8616 La Tijera Blvd., Suite 400
Los Angeles, CA 90045
310-645-9383
amyfanlaw@gmail.com

Attorneys for Defendant
Asa Houston

United States District Court

for the Central District of California

| United States of America, | ) | Case No.: 2:24-cr-00621(C)-MFW-4 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Notice of Motion and Motion to Sever Defendants; Motion to Continue Trial; Memorandum of Points and Authorities; Declaration of Anthony M. Solis |
| v. | ) | |
| Durk Banks, et al., | ) | |
| #4 – Asa Houston | ) | Date:        July 15, 2026 |
| | ) | Time:        1:30 p.m. |
| Defendants. | ) | Hon. Michael W. Fitzgerald |
| | ) | |
| _____ | ) | |

To the Clerk of the above-entitled court and all interested parties:

Please take notice that on July 15, 2026 at 1:30 p.m. or as soon thereafter as

counsel may be heard in the Courtroom of the Hon. Michael W. Fitzgerald, Defendant

Asa Houston will move and hereby does move for an order severing his trial from that

of his co-defendants and continuing his trial to a new date. This motion is based upon

the fact that Mr. Houston would be denied his constitutional rights to due process of

law and effective assistance of counsel at trial should he be compelled to proceed to trial

on August 20, 2026 as currently scheduled.

This motion is based upon Fed. R. Crim. P. 14, upon the 5th and 6th Amendments

to the United States Constitution, upon the points and authorities attached hereto, upon

the attached declaration of Anthony M. Solis, and upon such further evidence or

information as may be presented in conjunction with any hearing on this matter.

Dated: June 11, 2026                      Respectfully submitted,
                                          Anthony M. Solis,
                                          A Professional Law Corporation

                                          *Anthony M. Solis /s/*
                                          By: Anthony M. Solis
                                          Attorney for Defendant
                                          Asa Houston

                                          St. Martin & Fan

                                          *Amy Fan /s/*
                                          By: Amy Fan
                                          Attorney for Defendant
                                          Asa Houston

2

## Memorandum of Points and Authorities

### Introduction

Defendant Asa Houston is charged in a Third Superseding Indictment with the following offenses:

Count 1, Murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1);

Count 2, Conspiracy to commit stalking, in violation of 18 U.S.C. § 371;

Count 3, Stalking resulting in death, in violation of 18 U.S.C. §§ 2261A(2), (B) and 2261(b)(1);

Count 4, Conspiracy and use of interstate facilities to commit murder-for-hire resulting in death, in violation of 18 U.S.C. § 1958(a);

Count 5, Possession, use, carrying and discharge of firearms and machinegun in furtherance of and during and in relation to, a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), (c)(1)(B)(ii), and;

Count 6, Criminal Forfeiture, in violation of 18 U.S.C. §§ 981(a)(1)(C) and 924(d)(1) and 28 U.S.C. § 2461(c).

For the foregoing crimes, Mr. Houston faces a term of life in prison if convicted on all, or even some of the counts.

**Procedural History**.

Mr. Houston was arrested on the Indictment in this matter in the Northern District of Illinois on October 24, 2024. (1:24-mj-00497-1 IL-ND, Dkt. #5). He made his initial appearance in the Northern District of Illinois on the same date. He made his

initial appearance in the Central District of California on November 21, 2024. *See*, Dkt. # 66. He was appointed CJA counsel at that time. He subsequently retained counsel Shaffy Moeel. Dkt. ## 203, 204.

On May 1, 2026, Mr. Houston was charged in a Second Superseding Indictment. Dkt. #147.

On June 3, 2026, Mr. Houston was charged in the Third Superseding Indictment as set forth above. Dkt. #423.

Last month, all trial counsel represented to undersigned counsel that they intend to proceed to trial on the date now set, **August 20, 2026** and would **not** waive further time for trial. *See* attached Declaration of Anthony M. Solis.

**The Discovery.**

The discovery in this matter approximates 2 terabytes of data, including investigative reports, interview reports, videos, cell phone data, cell site data location, ancillary videos (found in the public domain), and an array of other discovery across several forms of media. There are two protective orders that apply to Mr. Houston in this matter. One is a general protective order. Dkt. #104. The other, covers "Attorney's Eyes Only" material. Dkt. #279. Each of the Protective Orders restricts the defendant's access to certain portions of the discovery and which, generally, slows the defense's ability to prepare for trial.

///

4

**Defense Counsel**

Defense counsel in this matter are active members of the Criminal Justice Act Panel for the Central District of California, have full trial panel caseloads and, separately, maintain an active retained practice as well. This caseload prevents counsel from devoting their time exclusively to the defense of this case. Counsel represent and assert that, even with the devotion of all their time to this one case, proper preparation for trial cannot be accomplished by the trial date now set.

## A.

### The Court Must Sever Mr. Houston's Trial from his Co-Defendants

Even when the government properly joins co-defendants in a single indictment, including conspiracies, the Court has discretion to sever defendants' trials to prevent substantial prejudice to the defendant:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever defendants' trials or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). *See also, United States v. Kennedy*, 564 F.3d 1329 (9th Cir. 1977) ("By the language of Rule 14 the matter [of severance] is left to the sound discretion of the trial judge, to be exercised in the light of the potential prejudice to the defendant on the one hand and the obvious interest of judicial economy on the other.") *Id.* at 1334.

Severance is appropriate under Rule 14 "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). In Mr. Houston's case, his trial co-defendants are all demanding to go to trial on the date now set---August 20, 2026. No co-defendant is willing to waive further time for trial. *See* Declaration of Anthony M. Solis, attached. Indeed, the co-defendants have been awaiting trial since November of 2024 and insist on proceeding to trial. By contrast, Mr. Houston has new counsel who were only recently appointed, presently know little about the case, and require substantial additional time to competently prepare for trial.

### A. Houston has a right to competent counsel at trial.

It is beyond question that Houston has a right to have competent counsel assist him at trial. *See* U.S. Const. amend. VI. *See also Strickland v. Washington*, 466 U.S. 668, 687 (1984)("[t]he proper standard for attorney performance is reasonably effective assistance." *Id.); see also* ABA Model Rules of Professional Conduct, Rule 11 ("A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness of preparation reasonably necessary for the representation." *Id.*).

In this matter, new counsel were appointed only last month, only received approximately 2 terabytes of discovery only recently (on or about June 3, 2026), and have only recently organized a defense team. In addition, the government has only this

6

month filed a Third Superseding Indictment, upon which the defendant has not yet been arraigned.

It is necessary to sever the trials in order for Mr. Houston to have sufficient time for his defense counsel to properly prepare for his trial.

**Conclusion**

Based upon the foregoing it is respectfully requested that:

1. The Court sever Mr. Houston's trial from the remainer of his trial co-defendants; and,

2. Continue Mr. Houston's trial to a date which will permit the proper preparation for trial by his defense counsel.

Dated: June 11, 2026

Respectfully submitted,
Anthony M. Solis,
A Professional Law Corporation

*Anthony M. Solis /s/*
By: Anthony M. Solis
Attorney for Defendant
Asa Houston

St. Martin & Fan

*Amy Fan /s/*
By: Amy Fan
Attorney for Defendant
Asa Houston

## **Declaration of Anthony M. Solis**

Anthony M. Solis declares as follows:

1.      I am an attorney at law licensed to practice in this judicial district. Along attorney Amy Fan, I represent the defendant, Asa Houston, in this matter.

2.      Ms. Fan and I were appointed to represent the defendant in this matter on or about May 15, 2026 following the withdrawal of prior counsel.

3.      Between May 21 and 24, 2026, I received emails from counsel for co-defendants Banks, Lindsey and Wilson. Each counsel informed me that they intend to proceed to trial on the date now set and would not be waiving additional time for trial.

4.      On or about June 3, 2026, I received the discovery in this matter from prior counsel's paralegal. The data on the hard drive approximates 2TB, which comprises the discovery in the case. Since I received the drive, the government has issued an additional discovery production.

5.      Based on Ms. Fan's and my review of the materials we have reviewed thus far, it is our professional opinion that we cannot be ready for an August 20, 2026 trial based on (a) the complexity of the case; (b) the volume of discovery; (c) our need to properly evaluate the discovery, investigate the case, prepare pretrial motions, and prepare for trial.

6.      Upon information and belief, each of us believes that a severance and continuance is required in order to competently represent Mr. Houston.

8

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 11th day of June 2026 at Calabasas, CA


*Anthony M. Solis /s/*
Anthony M. Solis

9