TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO (Cal. Bar No. 265481)
Chief, National Security Division
MICHAEL J. MORSE (Cal. Bar No. 291763)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
      1400/1500 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-3667/3535/0813
      Facsimile: (213) 894-0142
      E-mail:    ian.yanniello@usdoj.gov
                 michael.morse@usdoj.gov
                 daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 24-621(C)-MWF-5 |
|---|---|
| Plaintiff, | OPPOSITION TO DEFENDANT HOUSTON'S MOTION TO SEVER |
| v. | |
| DURK BANKS, et al., | Hearing Date: July 1, 2026 |
| #5 – ASA HOUSTON | Hearing Time: 1:30 p.m. |
| Defendants. | Location:    Courtroom of the Hon. Michael W. Fitzgerald |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney's Office for the Central District of California, and Assistant United States Attorneys Ian V. Yanniello, Michael J. Morse, and Daniel H. Weiner, hereby files its opposition to Defendant Houston's Motion to Sever.

//

//

//

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 18, 2026                    Respectfully submitted,

                                        TODD BLANCHE
                                        Deputy Attorney General

                                        BILAL A. ESSAYLI
                                        First Assistant United States
                                        Attorney

                                        IAN V. YANNIELLO
                                        Assistant United States Attorney
                                        Chief, National Security Division


                                              /s/
                                        IAN V. YANNIELLO
                                        MICHAEL J. MORSE
                                        DANIEL H. WEINER
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

On June 3, 2026, the grand jury returned the Third Superseding Indictment ("TSI") charging all trial defendants with six counts, including two new crimes: (i) Murder in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(1) (Count One), and Conspiracy to Commit Stalking, in violation of 18 U.S.C. § 371 (Count Two).  The TSI alleges that a subset of OTF members and associates including defendant Houston (hereinafter the "Banks Gang Enterprise") engaged in acts and threats of violence at the direction of defendant Durk Banks, including murder and attempted murder, to maintain and enhance their status in the Banks Gang Enterprise and to be rewarded by defendant Banks through economic benefits.  As set forth in the government's opposition to defendants Wilson's and Lindsey's renewed motion to sever, the TSI aligns the proof against all defendants (including defendant Houston) around a common racketeering enterprise, common objectives, and common evidence, including acts of violence and inculpatory admissions.  (<u>See</u> Dkt. 439.)

On June 12, 2026, defendant Houston filed a motion to sever his trial from his co-defendants and to continue his trial date so that newly appointed trial counsel has sufficient time to prepare for trial.  (<u>See</u> Mot. at 5-6.)  The basis for severance --- rather than seeking a trial continuance for all defendants --- is defendant Houston's counsel's belief that the co-defendants will, in fact, proceed to trial on August 20, 2026.  (<u>See</u> Mot. at 6; Solis Decl., ¶ 3 ("Between May 21 and 24, 2026, I received emails from counsel for codefendants Banks, Lindsey and Wilson. Each counsel informed me that they intend to proceed to trial on the date now set and would not be waiving additional time for trial").)

Based on recent communications from defense counsel, the parties are still determining whether the trial will proceed in August or whether the other defendants will seek additional time to prepare in light of the return of the TSI.  Specifically, in response to the government's request for information about whether the defendants intend to proceed to trial on August 20 or seek a continuance, the government received the following responses:

- On June 15, defendant Banks' counsel requested additional information about upcoming discovery productions and indicated "we cannot answer that question at this time." Shortly thereafter, the government provided counsel with an outline of anticipated discovery productions.

- On June 12, defendant Lindsey's counsel indicated that defendant Lindsey intended to proceed to trial in August.

- Defendant Wilson's counsel has not yet responded to multiple inquiries from the government. However, in a recent filing seeking bond reconsideration for defendant Wilson, counsel stated, "[s]upplemental charges of that scope [referring to the anticipated charges in the TSI] will not permit the August 20, 2026 trial date to hold."[1]  (Dkt. 412 at 3.)

As a result, defendant Houston's request for severance is premature.  To the extent the August 20 trial date is continued for all defendants, the government opposes defendant Houston's request for severance.  Once the government has sufficient information to

---

[1] As referenced in the government's opposition to defendant's Wilson's and Lindsey's motion to sever, the government provided defense counsel advanced notice that it would be bringing additional charges for trial. (See Dkt. 439 n. 1.)

2

determine whether the co-defendants will proceed to trial in August, the government will supplement this filing with its position on defendant Houston's request for severance.